■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE GRIER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 29, 1978, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant contends that his conviction should be reversed because (1) an orange parka seized from his person during arraignment and after an inventory of his possessions violated his Fourth Amendment rights, (2) he was deprived of the right to effective assistance of counsel, and (3) the court should have charged the lesser included offense of criminal trespass in the second degree. We must reject these contentions and affirm the conviction. A suppression hearing was held to determine whether the orange jacket allegedly worn by defendant at the time he was apprehended near the scene of a burglary should be received in evidence. At the conclusion of the testimony, the court found that the seizure of the orange parka was either a consensual taking or constituted part of an inventory search. In our view, this finding is amply supported in the record and we find no impairment of any constitutional rights of the defendant *United States v Edwards,* 415 US 800; *People v Perel,* 34 NY2d 462). Furthermore, after a review of the record, we find no merit in defendant's claim of lack of effective representation. We also perceive no reasonable view of the evidence that would warrant a conviction of the lesser included offense of criminal trespass in the second degree without convicting defendant of burglary in the third degree. Accordingly, it was proper for the court to decline to charge the lesser included offense *(People v Hubbard,* 48 AD2d 941). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.