(July 26, 1979)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY VAN BUREN, Appellant.—Appeal from a judgment of the County Court of Otsego County, rendered February 14, 1977, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. Defendant was charged with knowingly entering a building at the Oneonta Country Club and removing two golf carts therefrom. The principal witness testifying for the prosecution was an accomplice. On appeal, it is contended that (1) there was insufficient evidence to corroborate the testimony of the accomplice, (2) the court's erroneous ruling on a *Sandoval* motion caused defendant to relinquish his right to testify in his own behalf, (3) errors in the court's charge were prejudicial to defendant, and (4) the sentence was harsh and excessive. We find these contentions to be without merit. The photographic evidence of the footprints inside the building that matched the sole of footwear worn by defendant, a pocketknife found in his possession as described by the accomplice, and the physical facts surrounding the incident, all tend to connect the defendant with the commission of the crime in such a way that the jury may be reasonably satisfied that the accomplice was telling the truth *(People v Daniels,* 37 NY2d 624; *People v Wheatman,* 31 NY2d 12, cert den *sub nom. Marcus v New York,* 409 US 1027; *People v Cunningham,* 64 AD2d 722; CPL 60.22). The court's decision after the

*Sandoval* motion, permitting the use of several prior misdemeanor and violation convictions for impeachment purposes upon cross-examination of the defendant, was properly within its discretion (see *People v Rahman,* 46 NY2d 882; *People v Gray,* 41 AD2d 125, affd 34 NY2d 903, cert den 419 US 1055). Finally, we find no error in the charge of the court to the jury, nor do we find the sentence of an indeterminate term having a maximum of seven years and a minimum of two years and four months harsh and excessive in view of the defendant's prior criminal record. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.