■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROGERS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 13, 1980, convicting defendant, upon his plea of guilty, of the crime of murder in the second degree. In *People v Rogers* (81 AD2d 980), which sets forth the pertinent facts in this matter, this court withheld decision and remitted the matter for a further suppression hearing and determination of the issue of whether a witness had an independent basis for identifying defendant at trial. At this additional suppression hearing the witness in question, who did not testify at the first suppression hearing, was unavailable to testify. Consequently, a sworn, written statement made by this witness on the day of the robbery was admitted into evidence. In this statement, the witness stated that at the time the crime was committed he was with the victim of the crime; that a black male pushed the victim down some stairs; that he followed the man out the front door and saw him running; that the man stopped and turned around and he "got a good look at his face and what he was wearing"; that later the same day the witness saw the same man in the same coat near the scene of the robbery; and that he then went to the police station and identified defendant in a photographic array. A police officer testified at this additional suppression hearing that he was told by the witness in question on the day of the robbery that the witness had seen the robbery and that he got a good look at the subject when he stopped running and turned around. The court found that the witness had an independent basis for an in-court identification of defendant and again denied the motion to suppress. Upon review of the entire record of the suppression hearing held on remittal, we are of the opinion that the prosecution established by clear and convincing evidence that

the witness in question had an independent basis for identifying defendant and, therefore, the court properly denied the motion to suppress an in-court identification of defendant by the witness (*People v Ballott,* 20 NY2d 600). Although defendant argues that much of the police officer's testimony was hearsay and thus inadmissible, it is specifically provided in CPL 710.60 (subd 4) that hearsay evidence is admissible to establish any material fact. Defendant also maintains that since the witness in question failed to appear at either suppression hearing, his constitutional right to confront witnesses was violated. The right to confrontation is basically a trial right (*Barber v Page,* 390 US 719), and this right is waived by a plea of guilty (*People v Thomas,* 74 AD2d 317, affd 53 NY2d 338). Accordingly, by entering a plea of guilty, defendant waived his right to confrontation. Defendant was convicted, upon his plea of guilty, of the crime of murder in the second degree, a class A-I felony (Penal Law, § 125.25). He was sentenced to an indeterminate term of imprisonment with a maximum term of life and a minimum term of 15 years. This sentence was imposed following plea-bargaining negotiations and was the minimum sentence allowable (Penal Law, § 70.00, subd 2, par [a]; subd 3, par [a], cl [i]). We find no clear abuse of discretion by the sentencing court and, therefore, the sentence should not be disturbed (*People v Dittmar,* 41 AD2d 788). The judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.