■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY L. HAYNES, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 7, 1981 upon a verdict convicting defendant of the crime of grand larceny in the third degree. Defendant and Donna Williams were charged with grand larceny in the third degree as the result of a flimflam operation in which one Ruby Swan was swindled out of $500. On May 8, 1980, defendant approached Swan seeking her help in locating a minister for the purpose of collecting a legacy. They were joined by Williams who offered assistance. Rejecting Swan's suggestion that defendant put his cash in a bank, he convinced her to place $500 together with his money in a valise in the trunk of Swan's car. When Swan later opened the trunk, she found the cosmetic case stuffed with newspapers. After reporting the incident to the police, Swan correctly was unable to identify defendant's photo in several books of mug shots because none was present. A week later, Swan identified defendant in a police array of six photographs which this time included a photograph of defendant. Defendant's motion to suppress the identification was denied, and the District Attorney's motion to consolidate the trials of defendants was granted. At trial, the court denied defendant's request to charge the jury with the lesser included offense of attempted grand larceny in the third degree. Defendant was convicted by a jury of grand larceny in the third degree and was sentenced to an indeterminate term of imprisonment of zero to four years. This appeal ensued. Initially, defendant argues that the photographic array was impermissibly suggestive because (1) there were only six photographs, (2) his photograph was more of a close-up shot, (3) the other males had dissimilar physical characteristics, and (4) only three subjects, including defendant, were holding identification tags. We cannot conclude that the described array was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification (*Simmons v United States,* 390 US 377, 382-386; *People v Williams,* 73 AD2d 1019). There is nothing to suggest that the police encouraged a particular selection by including a characteristically unique photograph of defendant (cf. *People v Shea,* 54 AD2d 722). Notwithstanding the foregoing, the People established by clear and convincing evidence that the in-court identification had an independent origin since the victim had ample opportunity to observe defendant during the commission of the crime (*People v Ballott,* 20 NY2d 600; *People v Van Buren,* 87 AD2d 900; *People v Rogers,* 85 AD2d 843). Defendant next contends that the joint trial unduly prejudiced him because counsel for the codefendant brought out the photographic identification on cross-examination of Swan and the officer who presented the array to her. CPL 200.40 (subd 2) allows consolidation of indictments against defendants charged with the same offense, unless a joint trial would so prejudice a defendant as to deny him a fair trial (e.g., *People v Bornholdt,* 33 NY2d 75, 87; *Victory v New York* 416 US 905). It is clear that a witness may not testify about a prior photographic identification of a defendant (*People v Lindsay,* 42 NY2d 9; *People v Griffin,* 29 NY2d 91). While admission of this testimony may have been prejudicial, in view of the strong evidence of identification, such admission must be considered harmless (*People v Mobley,* 56 NY2d 584). The victim had a strong, independent basis for identification, which at trial was unequivocal (cf. *People v Malloy,* 22 NY2d 559 [opportunity to observe minimal, testimony uncertain]). Since the identifi-

cation was not seriously disputed and there is no significant probability that the jury would have reached a different verdict without the introduction of the photographic identification testimony, the error committed was harmless (CPL 470.05, subd 1; *People v Crimmins,* 36 NY2d 230; cf. *People v Dell'Orfano,* 72 AD2d 749). Defendant's remaining contentions are equally unpersuasive. Viewing the facts most favorably to the People (*People v Smith,* 55 NY2d 945, 947; *People v Benzinger,* 36 NY2d 29), the jury could reasonably infer that defendant had the requisite criminal intent to commit the larceny (see Penal Law, § 155.05, subd 1; *People v Pena,* 50 NY2d 400, 406-409). The trial court properly refused to charge the lesser included offense of attempted grand larceny in the third degree since no reasonable view of the evidence would support such a finding (CPL 300.50, subd 1; *People v Scarborough,* 49 NY2d 364, 369-370). The jury could believe or disbelieve Swan's story, and the logical inferences to be drawn therefrom. Finally, we are not persuaded by defendant's contention that the sentence was harsh and excessive. Although the sentence imposed was the maximum allowed (Penal Law, § 70.00, subd 2), on this record we cannot say that the court abused its discretion (*People v Downs,* 77 AD2d 740, mot for lv to app den 51 NY2d 773). Nonetheless, the court was required to set a minimum sentence by the statutory provision then in effect (Penal Law, § 70.00, subd 3, par [b], eff Sept. 1, 1980; *People v Van Buren,* 87 AD2d 900, *supra*). Since the sentencing occurred in December, 1980, the judgment should be modified by reversing it with respect to the sentence and the matter remitted to the County Court of Chemung County for resentencing (CPL 470.15, subd 2, par [c]). Judgment modified, on the law, by reversing the sentence imposed, and, as so modified, affirmed; matter remitted to the County Court of Chemung County for resentencing in accordance herewith. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.