■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS A. BOODROW, Appellant. — Appeal from a judgment of the County Court .of Albany County (Harris, J.), rendered June 22, 1981, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant was charged in an indictment with the crime of burglary in the third degree. At the trial, the prosecution's principal witness testified that on February 13, 1981 she observed two young men from about 100 yards away who were attempting to push in the door of her parents' home while the parents were away on a vacation; that after watching them for a few minutes and seeing that they were gaining entry she went into her house across the street from her parents' home and called the police; that one of the men had dark hair and the other had blond hair; that when she returned outside the blond-haired fellow got into a car in the driveway and drove down the driveway; that she then got in her car and when she got halfway to her parents' driveway the car pulled back into the driveway; that she then drove her car up against the other car pinning it in, that the man with dark hair subsequently came out of her parents' house carrying a radio and television set; that he put these items down, got into the car and drove it around her car stopping behind her; that she then got out of her car and wrote down the license plate number of the other car; that she was then approximately 10 to 12 feet from these men and it appeared to her that they were arguing; and that the two men left the scene in the car and the police arrived shortly thereafter. Defendant and John Leno were arrested for bur-

glary and on February 20, 1981 John Leno pleaded guilty to the charge of burglary in the third degree. He subsequently testified at defendant's trial that defendant had remained in the car at all times and that he had not told defendant that he was going to commit a burglary. Following the jury trial, defendant was convicted of burglary in the third degree. He was sentenced to an indeterminate term of imprisonment with a maximum term of six years and a minimum term of two years. This appeal ensued. Initially, defendant contends that the court erred in denying his request to charge the lesser included offense of trespass. Based upon our review of the record, however, we conclude that there is no reasonable view of the evidence that would warrant a conviction of the lesser included offense of trespass without convicting defendant of burglary in the third degree. Consequently, the court properly refused the request to charge the lesser included offense (*People v Scarborough,* 49 NY2d 364; *People v Grier,* 71 AD2d 696). It is also argued by defendant that an in-court identification by the prosecution's principal witness should have been suppressed as it was tainted by prior improper identification procedures. At a suppression hearing, this witness testified that while taking down the license number of the car from a distance of 10 to 12 feet, she observed the two men in the car for a couple of minutes. Upon examination of the entire record, we are of the view that the prosecution established by clear and convincing evidence that the in-court identification had an independent source untainted by any police procedures. Accordingly, even assuming that the prior identification procedures utilized by the police were improper, the in-court identification was admissible (*People v Rogers,* 85 AD2d 843; *People v Miller,* 74 AD2d 961). It should be noted in this regard that defendant concededly was at the scene of the crime but claimed that he did not participate in the burglary. There was, therefore, no serious issue concerning defendant's identification (see *People v Caserta,* 19 NY2d 18). Concerning defendant's contention that the prosecutor was improperly allowed to impeach his own witness, it appears from the record that at the time John Leno pleaded guilty to burglary in the third degree he answered affirmatively when asked if defendant had acted as a lookout. At defendant's trial, Leno was asked what defendant was doing while Leno was committing the burglary and he responded that he was sitting in the car. He was then asked what was defendant's job, what was he supposed to be doing during the burglary, and Leno responded that he was doing nothing, just sitting in the car. When he was thereafter asked if defendant was acting as a lookout, Leno stated that he did not remember. At this time, the prosecutor attempted to refresh his recollection with the transcript of his plea proceedings and he then again asked him what defendant's purpose was while sitting in the car, to which Leno responded that he was just sitting there. The transcript was thereafter received in evidence. Defendant maintains that Leno's responses did not tend to disprove the prosecution's case and, therefore, the transcript was improperly admitted into evidence pursuant to CPL 60.35 (subd 1). In this regard, defendant relies upon *People v Fitzpatrick* (40 NY2d 44) which held that CPL 60.35 permits impeachment only when the testimony of the witness in court affirmatively damages the case of the party calling him. In our opinion, Leno's responses at trial did not evince a simple failure to recall but positively indicated that defendant was only at the scene of the burglary for a noncriminal purpose. We conclude that Leno's testimony, unlike the testimony in *People v Fitzpatrick* (40 NY2d 44, *supra*), was affirmatively damaging and, thus, impeachment was permissible. Finally, we find no abuse of discretion by the court, following a *Sandoval* motion and hearing, in deciding to permit the use of certain of defendant's prior convictions for impeachment purposes and, therefore, reject defendant's arguments in this regard (see *People v Van Buren,*

71 AD2d 755). The judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.