■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VERMETTE, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 20, 1983, upon a verdict convicting defendant of the crime of robbery in the first degree.

The prosecution's evidence established that the victim met defendant and codefendant, Steven Appel, at the residence of a female friend in the City of Rensselaer at about 11:00 P.M. on January 6, 1983, and that they socialized there for between 30 and 60 minutes. Defendant, Appel and the victim then left in a car driven by defendant and proceeded to a store in the Town of Colonie, Albany County, where the victim cashed a check for $134 and purchased beer and cigarettes. After driving away from the store, Appel threatened the victim with a knife and took some $140 in currency from him. Defendant and Appel then dropped the victim off in front of his friend's home. The victim immediately called the police and gave a description and license number of the car. Defendant and Appel were apprehended shortly thereafter. A search of the vehicle resulted in recovery of a knife under the rug in the front seat area of the vehicle. The victim was brought to the place of arrest and made a positive identification of both men. Defendant and Appel were jointly indicted, tried and convicted of robbery in the first degree. Appel's conviction was affirmed on appeal (*People v Appel,* 103 AD2d 860, *lv denied* 63 NY2d 945).

We likewise affirm defendant's conviction. In the earlier appeal, we considered and rejected a challenge to the legality of the seizure of the knife and find no basis for reaching a different conclusion here. We are equally unpersuaded by defendant's contention that the victim's in-court identification of defendant should have been suppressed because the People failed to give timely notice of the showup identification at the scene of the arrest (CPL 710.30 [1]). Since the victim was the original and sole complainant, defendant certainly was on notice that the victim would identify him at trial as a participant in the robbery. Defendant was in the presence of the victim for between 2 to 3 hours before, during and after the robbery, and the suppression court found that this afforded a totally independent basis for the in-court identification. No evidence of the pretrial identification was introduced at the trial. Under the foregoing circumstances, no error was committed in permitting the in-court identification (*see, People v Gissendanner,* 48 NY2d 543, 552).

Nor was the failure of the trial court to grant defendant's

application for a separate trial a ground for reversal. Defendant's allegations in support of the motion for a severance were vague and conclusory, except for the specific averment that Appel had given a statement to the police inculpating defendant. This assertion was directly contradictory of the other ground invoked by defendant for a severance and, in any event, was obviated by the prosecution's stipulation not to introduce any such statement at the trial. In any event, neither defendant nor Appel testified at the trial and their main defenses were not inconsistent. Therefore, we conclude that the denial of the severance motion did not deprive defendant of a fair trial and was well within the discretion of the trial court (*see, People v Ward,* 107 AD2d 892; *People v Haynes,* 88 AD2d 1070). Defendant's remaining ground for reversal is equally without merit.

Finally, the record reveals that defendant was clearly advised of his right to controvert the predicate felony information and that he declined, both personally and through counsel, to interpose any challenge thereto. Therefore, there was at least substantial compliance with CPL 400.21 sufficient to sustain defendant's being sentenced as a predicate felon without a further hearing (*see, People v Provost,* 76 AD2d 944, 945; *People v Hodge,* 52 AD2d 673, 674).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.