■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIA LUBARSKA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered June 30, 1987, convicting her of scheme to defraud in the second degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by her to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that her prearrest statements should have been suppressed due to the prosecution's failure to provide her with proper notice of the statements pursuant to CPL 710.30. Following the defendant's arraignment, the People served timely notice, pursuant to the statute, of their intent to use statements made by her to the police. However, at the pretrial suppression hearing the prosecutor asserted that the People did not intend to use the defendant's statements at trial. Consequently no *Huntley* hearing was conducted. Thereafter, prior to the commencement of the trial the prosecutor expressed an intent to use certain statements made by the defendant to the police prior to her arrest, claiming that "there was confusion on the ADA's part to say there was no *Huntley* issue and the People do not intend to use any statements". The defendant moved to exclude the statements on the ground that the notice was untimely. The court denied the motion, conducted a *Huntley* hearing, and ultimately held that certain statements made by the defendant were admissible. These statements were later introduced into evidence at trial.

As a rule, the prosecutor's notice of intent to introduce a

statement must be made within the time limits set forth in CPL 710.30, unless good cause is shown for the delay *(see, People v O'Doherty,* 70 NY2d 479; *People v McMullin,* 70 NY2d 855).* Mere neglect or confusion on the part of the prosecution is no excuse *(see, People v O'Doherty, supra,* at 487-488; *People v Spruill,* 47 NY2d 869, 871; *People v McLaurin,* 38 NY2d 123, 126). Nevertheless based upon our review of the record, the admission of the statements, which were arguably inculpatory, was harmless in light of the overwhelming proof of the defendant's guilt *(cf., People v Boughton,* 70 NY2d 854; *People v McMullin, supra).*

We also reject the defendant's contention that her acquittal on the charges of grand larceny and criminal possession of stolen property is inconsistent with her conviction of scheme to defraud. "A guilty verdict on one count should only be set aside as repugnant if it is inherently inconsistent with a verdict of not guilty on another count, and when the crimes charged in one count contain the same elements as the other count" *(People v La Pella,* 135 AD2d 735, 736; *see also, People v Johnson,* 70 NY2d 819; *People v Tucker,* 55 NY2d 1; *People v James,* 112 AD2d 380).

A determination of repugnancy is to be made solely upon the basis of a review of the trial court's charge *(see, People v Green,* 71 NY2d 1006; *People v Hampton,* 61 NY2d 963, 964; *People v Cobb,* 137 AD2d 700, *lv denied* 71 NY2d 894). The charge in the instant action accurately set forth the elements of the crimes charged. An element in both the grand larceny and criminal possession of stolen property charges was that the aggregate monetary value of the stolen property exceed $1,500. However, monetary value is not an element of the charge of scheme to defraud in the second degree. Therefore the jury's verdict is not repugnant.

We have reviewed the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Mangano, J. P., Sullivan, Harwood and Balletta, JJ., concur.