demonstrating that the evidence was indeed "newly discovered" *(see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MOLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered November 23, 1986, convicting him of rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree (three counts), robbery in the first degree, robbery in the second degree, assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's first trial on the charges of which he was ultimately convicted ended with the jury unable to reach a verdict. The retrial was held approximately four months after the conclusion of the first trial. On the first day of the retrial, the People gave notice of their intention to use in their direct case an identification of the defendant made by the complainant at the *Wade* hearing held prior to the first trial. Over the defendant's objection that, *inter alia,* the People had failed to provide timely notice pursuant to CPL 710.30, the trial court permitted the testimony. We find that the trial court erred in this determination. The People had ample time between the conclusion of the first trial and the beginning of the retrial to provide the defendant with notice pursuant to CPL 710.30. By failing to provide notice until the day the retrial was to begin, notice was untimely *(see, People v O'Doherty,* 70 NY2d 479, 481; *cf., People v Magazine,* 106 AD2d 473). As the People do not even argue that there was good cause for their failure to timely serve notice, the fact that the defendant moved for a *Wade* hearing after he protested the timeliness of the notice does not act as a waiver of his objection to the notice *(see, People v Miller,* 142 AD2d 760; *People v Bernier,* 141 AD2d 750, *lv granted* 72 NY2d 955). Nevertheless, because the evidence of the defendant's guilt is overwhelming, the error must be deemed harmless *(see, People v Lubarska,* 143 AD2d 1048).

We have considered the defendant's remaining contention and find that it is without merit. Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.