■ The People of the State of New York, Respondent, v Freeman Whitney, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County

(Martin, J.), rendered October 9, 1985, convicting him of attempted assault in the first degree and assault in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, without a hearing (Dachenhausen, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the County Court, Westchester County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony and the appeal is held in abeyance in the interim. The County Court, Westchester County, is to file its report with all convenient speed.

The defendant contends that the trial court erred in denying, without a hearing, that branch of his omnibus motion which was to suppress certain identification testimony. In 1985, when the defendant's application was decided, summary denial of such motions was permitted where the motion papers failed to allege a ground constituting a legal basis for the motion or where the sworn allegations of fact failed, as a matter of law, to support the ground alleged (CPL 710.60 [former (3)]; *People v Pavesi,* 144 AD2d 392; *People v Thompson,* 129 AD2d 655). While CPL 710.60 (3) (b) was amended (L 1986, ch 776, § 1) so as to relieve a defendant of the burden of alleging a factual basis for suppression of identification testimony, the amendment is not applied retroactively *(see, People v Drake,* 141 AD2d 560, 561; *People v Thompson, supra).*

In the instant case, the relevant portion of the defendant's moving papers alleged that the complainant's identification testimony was tainted by an unduly suggestive pretrial procedure because the complainant was permitted to view him in a hospital emergency room where the complainant was being treated for injuries suffered in the assault charged and at the time of the viewing the defendant was handcuffed and surrounded by police officers. We conclude that the alleged facts, if true, might establish improper police conduct and were sufficient to warrant a hearing *(see, People v Daniels,* 139 AD2d 478; *People v Martin,* 135 AD2d 355, 356).

One-on-one showups which are proximate in time and place to the arrest of a suspect are permissible in the interest of prompt identification *(see, People v Love,* 57 NY2d 1023, 1024; *People v Adams,* 53 NY2d 241, 249; *People v Burns,* 133 AD2d 642, *lv denied* 70 NY2d 873). However, a showup identification is inadmissible when " 'there was no effort to make the least provision for a reliable identification and the combined result of the procedures employed' establish that the showup was

unduly suggestive" *(People v Riley,* 70 NY2d 523, 529, quoting *People v Adams, supra,* at 249). The defendant's allegations in his moving papers preclude a finding that his application failed, as a matter of law, to support his request for a suppression hearing (CPL 710.60 [former (3)]). Accordingly, the court erred in failing to order a *Wade* hearing. We further note that in ruling upon the propriety of the trial court's determination denying suppression we may not resort to the trial evidence *(see, People v Riley, supra,* at 532; *People v James,* 67 NY2d 662, 664; *People v Dodt,* 61 NY2d 408, 417). Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.