*743 OPINION OF THE COURT
Seymour Rotker, J.
At the conclusion of a Mapp hearing held on November 13, 1989, the defendant orally moved for an order precluding the People from offering identification testimony in this matter due to their failure to serve notice pursuant to CPL 710.30 within 15 days of the defendant’s arraignment.
The People contend that since the identifications were made at the scene of the crime, they are not suppressible and therefore no notice need be served.
Two identifications were made in the instant matter. The police observed the defendant strike the complainant with his automobile and flee the scene. They gave chase and apprehended the defendant. Clearly, this is not an identification procedure but rather an apprehension of a defendant "red handed” (People v Reedy, 126 AD2d 681) and, therefore, notice would not be required.
The second identification, on the other hand, involved the individuals who were subjected to the alleged initial attack. The defendant and Moshen Abdulmaleki were involved in a traffic altercation the result of which Mr. Abdulmaleki was allegedly assaulted with a screwdriver. After the defendant was apprehended by the police he was returned to the scene of the traffic altercation and identified by Mr. Abdulmaleki. This information is contained in the People’s memorandum of law. However, there is no mention of the other individuals on the scene at the time and whether or not an identification was made by them. No notice of this identification was served on the defense. In addition, the voluntary disclosure form served at arraignment indicates that the defendant was identified at the scene but does not specify the identifying witnesses or the sequence of events leading to the identification.
CPL 710.30 (1) states: "1. Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” The purpose of this notice requirement is to ensure that the defendant is alerted to the possible existence of evidence which identifies him as the individual who committed the crime and that this evidence may be constitutionally tainted *744 thereby triggering a motion to suppress (People v Collins, 60 NY2d 214).
The exclusionary rules were fashioned to deter improper conduct on the part of law enforcement officials which might lead to a misidentification (People v Logan, 25 NY2d 184). It is the likelihood of misidentification which calls for the exclusion of identifications resulting from impermissibly suggestive procedures (People v Haynes, 88 AD2d 1070). It is the possible existence of these factors that call for the service of notice of an identification procedure on the defendant.
The courts have, however, delineated certain instances which by their very nature, the element of improper suggestiveness is removed.
Instances in which the parties are known to each other have been held to be instances in which suggestiveness is not an issue as there has been no identification as contemplated by the statute (People v Tas, 51 NY2d 915; People v Gissedanner, 48 NY2d 543). The Third Department has expanded the concept of "known to each other” to include a situation where the victim and defendant spent approximately two or three hours together prior to the commission of the crime (People v Vermette, 112 AD2d 464). Vermette (supra) can be distinguished even further in that it was an instance where there was only one victim. The court maintained that the defendant would be aware of the identification procedure and the individual making the identification. It would appear that in instances such as this, the circumstances are indicative of a functional equivalent of notice. However, this is quite unlike the case at bar. In the instant matter there were several individuals present at the time of the altercation and it is unclear as to whether or not they are to be called on to make identifications or if they made identifications similar to that of Mr. Abdulmaleki. Clearly, the defendant would be unable to isolate exactly who made identifications and under what conditions.
The People, however, rely on holdings which maintain that a hearing is unnecessary to assert the position that notice is not required. An analysis of these cases does not support the transition from the determination that a hearing is not mandated to the proposition that notice is unnecessary in these situations.
It appears that this issue is one of first impression. In all of the cases where the courts have determined that a hearing *745 was unnecessary, there was an initial determination made by the trial court based on pretrial suppression motions. The only way that such a motion could be made in the first instance would be based on the defendant receiving notice of an identification procedure. Without such notice, the defendant would be unaware of any possibly suggestive procedure being utilized and the identity of the identifying witnesses.
Once notice is given and motions made the court is able to make a factual determination based on the papers whether or not a hearing is mandated. This determination is a function of the court not the prosecutor. At the very heart of the notice provision is the protection. of the defendant’s constitutional rights. Historically CPL 710.30 was a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the Supreme Court in Gilbert v California (388 US 263), United States v Wade (388 US 218) and Stovall v Denno (388 US 293) (People v White, 73 NY2d 468).
Failure on the part of the People to serve notice of an identification procedure precludes admission of identification testimony at trial (CPL 710.30; People v McMullin, 70 NY2d 855; People v O’Doherty, 70 NY2d 479; People v Mole, 147 AD2d 714). The only exception to this is upon a showing of good cause by the People. The People have failed to put forth a showing of good cause for their failure to serve notice.
The People are, therefore, precluded from offering identification testimony of those individuals involved in the identification procedure utilized after the defendant’s arrest.
The motion is granted.