■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANTZ MATTHEWS, Also Known as FRITZ MATHIEU, Appellant.

Initially, we find that the court properly denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress identification testimony. When that branch of the defendant's omnibus motion was decided on June 4, 1986, it could be denied without a hearing if the grounds alleged in the moving papers did not constitute a legal basis for suppression, or the sworn allegations of fact failed, as a matter of law, to support the grounds alleged (see, CPL 710.60 [former (3)]). Although that section was subsequently amended to relieve a defendant of the burden of alleging a factual basis, the amendment is not retroactively applied (see, People v Whitney, 149 AD2d 748).

The defendant's claims that the identifications were made under unduly suggestive circumstances were unsupported by any factual allegations so as to warrant a Wade hearing. In addition, we note that the mere fact that an identification occurred at a felony hearing does not, in and of itself, require a Wade hearing (see, People v White, 73 NY2d 468).

We find that the trial court properly exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. The record reveals that the defendant voluntarily, knowingly and intelligently entered his plea of guilty and that he readily made a full factual allocution admitting his guilt of the crime (see, People v Harris, 61 NY2d 9). The defendant's bald assertions were properly rejected (see, People v Doherty, 134 AD2d 513; People v Stubbs, 110 AD2d 725). The record also shows that at sentencing the defendant, as well as his attorney, was given an opportunity to speak on the defendant's behalf (see, People v McClain, 35 NY2d 483; CPL 380.50).

We have considered the defendant's remaining contentions concerning the denial of his motion pursuant to CPL article 440 and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.