■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MANSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered December 22, 1980, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 11, 1978, at approximately 7:40 P.M., the defendant and an accomplice entered Mona's Lounge, at 16th Street and Third Avenue in Brooklyn. The bartender observed the defendant and his accomplice as they crossed the street and entered the lounge. The defendant was carrying a handbag that was of the type generally carried by women.

The defendant approached the bar and ordered a drink, sipped it, but did not pay. The defendant's accomplice approached the bar a few moments later and displayed a gun, which he pointed at the other customers at the bar.

The defendant warned the bartender to "be cool, don't worry * * * don't push no button". He placed the woman's

handbag on the bar and ordered the bartender to fill it with the cash in the cash register. The bartender complied, and filled the bag with cash which included a two dollar bill.

Shortly after this crime was committed, the bartender and one of the customers were brought by police officers to the corner of 36th Street and Fourth Avenue, where the two perpetrators already had been apprehended. Both the bartender and the customer instantly identified the two men and both witnesses repeated their identifications in court. The police also recovered the handbag, and with it the two dollar bill, which the bartender recognized because when she had received it from a customer, she had found it "very strange". She also recognized the wrappers of certain rolled coins.

The defendant argues, among other things, that the trial court erred in allowing the customer to make an in-court identification, because the People never served a notice pursuant to CPL 710.30 with respect to this witness, and no *Wade* hearing had ever been held. The People respond by noting that the identification made by the customer, like that made by the bartender, was reliable beyond any doubt, that the pretrial "showup" identifications made simultaneously by these two witnesses occurred under identical circumstances, and that the defendant's motion for suppression of the bartender's identification testimony had been properly denied on the basis that the motion papers were inadequate *(see,* CPL 710.60 [former (3)]; *People v Matthews,* 158 AD2d 549; *People v Whitney,* 149 AD2d 748).

Assuming without necessarily deciding, that the prosecution's failure to serve a notice pursuant to CPL 710.30 with respect to the customer warranted the suppression of her in-court identification *(see, People v O'Doherty,* 70 NY2d 479; *People v Bernier,* 141 AD2d 750, *affd* 73 NY2d 1006), we nevertheless conclude that any error in the failure to suppress such identification testimony was harmless. This witness's testimony was essentially duplicative of the eyewitness testimony of the bartender. The discovery of the two dollar bill along with the other proceeds of the robbery at the time of the defendant's arrest removed all conceivable question as to his guilt. The evidence was, in short, overwhelming, and any error in connection with the admission of the customer's eyewitness testimony was harmless *(see, People v Mole,* 147 AD2d 714; *People v Lubarska,* 143 AD2d 1048).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.