■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CASTAGNA, Appellant. [602 NYS2d 170] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered June 5, 1990, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion for statutory preclusion of the identification testimony of the arresting officer.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on the defendant's motion for statutory preclusion of the identification testimony of the arresting officer, and the appeal is held in abeyance in the interim; the County Court, Nassau County, shall file its report with all convenient speed.

In connection with a police narcotics investigation involving a confidential informant, the defendant was arrested and charged with criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts) relating to the sale of cocaine to the informant in Nassau County on August 4, 1988. The defendant was not arrested, however, until March 8, 1989, when he was apprehended in Brooklyn. At some point

prior to arresting the defendant (exactly when is not clear from the present record), the arresting officer, who had observed the subject narcotics transaction from a nearby unmarked vehicle seven months earlier, met with detectives from Brooklyn, who showed him three photographs of the defendant. Admittedly, the People gave no notice pursuant to CPL 710.30 to the defense regarding this previous viewing of photographs of the defendant by the arresting officer.

Having learned of this procedure during the course of pretrial hearings, the defense subsequently moved to preclude the arresting officer's identification testimony pursuant to CPL 710.30 (3). The court denied the application without receiving further evidence regarding the circumstances of the officer's viewing of the photographs and whether this constituted an identification procedure within the purview of CPL 710.30. This was error, and a hearing is necessary. The minutes from the *Huntley-Dunaway* hearing which preceded the defendant's motion and at which this information first came to light do not provide a sufficient record upon which the court could have made a proper determination that the officer's viewing was confirmatory or that he had an independent basis for his identification, notwithstanding the court's findings to that effect.

We note that, while the hearing to be held will be very similar in nature to a *Wade* hearing, its purpose is a different one, namely, to ascertain whether what took place here was the sort of identification procedure of which the People were required to give the defense notice pursuant to CPL 710.30 (1) (b) *(cf., People v Tas,* 51 NY2d 915, 916; *People v Gissendanner,* 48 NY2d 543, 551-552). Accordingly, we remit the matter to the County Court so that such a hearing may be held and a determination made as to the nature of the officer's viewing and the possible applicability of CPL 710.30 *(see, e.g., People v Rodriguez,* 79 NY2d 445, 451-452; *People v Williamson,* 79 NY2d 799, 800-801), and hold the appeal in abeyance in the interim.

Finally, we note that, in light of the holding in *People v Mitchell* (80 NY2d 519), there is no viable *"Antommarchi"* claim *(see, People v Antommarchi,* 80 NY2d 247) presented here. Miller, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.