■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN CURTIS, Appellant. [610 NYS2d 292] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered January 2, 1992, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the court's failure to preclude the identification testimony of one of the prosecution witnesses, who had previously identified the defendant in a photographic array, and for whom the defense received no CPL 710.30 notice. While we agree that the court should have precluded the identification testimony of this witness *(see,* CPL 710.30 [1] [b]; [3]; *People v McMullin,* 70 NY2d 855, 856), we find that, even without this testimony, the evidence of the defendant's guilt was overwhelming, and the error was, therefore, harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Manson,* 176 AD2d 294; *People v Mole,* 147 AD2d 714).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review, without merit, or, to the extent that there was error, harmless in light of the overwhelming evidence of guilt. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.