■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CASTAGNA, Appellant. [616 NYS2d 665] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered June 5, 1990, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. By decision and order of this Court dated September 27, 1993, the appeal was held in abeyance and the matter was remitted to County Court, Nassau County, to hear and report on the defendant's motion for statutory preclusion of the identification testimony of the arresting officer (see, People v Castagna, 196 AD2d 879). The County Court has now complied. Justice O'Brien has been substituted for former Justice Eiber (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

On remittitur, the County Court found that the photographic identification made by Nassau County Police Detective Carr in a Brooklyn police station prior to the arrest of the defendant, but approximately seven months after the drug sale witnessed by this detective, was "merely confirmatory". Accordingly, the court concluded that the People's failure to provide the defendant with the notice otherwise required by

CPL 710.30 was not error. We disagree. Notwithstanding that there was little doubt as to the defendant's identity as the seller at the time of this identification procedure, given the extensive time lapse between Detective Carr's observations at the crime scene and his identification of the defendant from the photographs proffered by Brooklyn detectives, the identification was not confirmatory and notice should have been provided (*see, People v Mato,* 83 NY2d 406; *People v Newball,* 76 NY2d 587; *People v Gordon,* 76 NY2d 595; *People v Perez,* 74 NY2d 637; *People v Wharton,* 74 NY2d 921). Therefore, the court erred by not precluding Detective Carr's in-court identification of the defendant.

Nevertheless, given the overwhelming evidence of the defendant's identity and guilt, we find this error to be harmless (*see, People v Crimmins,* 36 NY2d 230; *People v Curtis,* 203 AD2d 377; *People v Manson,* 176 AD2d 294; *People v Mole,* 147 AD2d 714; *People v Johnson,* 54 AD2d 586). The defendant was properly identified in court by the confidential informant who conducted the sale. The transaction was tape recorded and Detective Carr identified the defendant's voice on the tape. Three other police officers, two of whom also witnessed the transaction, likewise identified the defendant as one of the two occupants of the car in which the sale was conducted. After the transaction, these two officers followed the suspect's car to a point on the Southern State Parkway where the car was stopped by a uniformed officer who ascertained the defendant's identity and who also identified him in court.

Furthermore, while Detective Carr's in-court identification of the defendant should have been precluded, this witness's extensive descriptive testimony concerning his observations of the defendant at the time of the sale was properly received in evidence (*see, People v Moss,* 80 NY2d 857). This testimony was consistent with the description memorialized by the witness in a police report written prior to the photographic show-up. Therefore, it was not tainted by the photographic show-up. Accordingly, it is clear that there was no substantial probability that but for the error in not precluding Detective Carr's in-court identification based upon a violation of CPL 710.30, the defendant would have been acquitted.

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Lawrence, O'Brien and Pizzuto, JJ., concur.