*803 OPINION OF THE COURT
Joseph A. Zayas, J.
Defendant is charged with assault in the third degree (Penal Law § 120.00), arising from allegations that he and others caused physical injury to the complainant in a public high school.
Defendant moves for an order, pursuant to CPL 710.30 (3), precluding the in-court and out-of-court identification testimony of the complainant. In support of the motion, defendant alleges that on June 2, 2003 (three days after the alleged assault on May 30, 2003), a police-arranged identification procedure (i.e., a showup) occurred in a “detention room” at defendant’s high school, in which the complainant identified defendant as the perpetrator. Verification of this identification procedure is supported, according to defendant, by two police reports annexed to defendant’s motion — one of which refers to an “ID and the ID process,” and the other of which indicates that the “perps” were unknown to the complainant and that the complainant was “unable to name or give descriptio[n] of perps.” Finally, defendant alleges that the People have not served upon defendant CPL 710.30 (1) (b) notice of this or any other identification procedure.
The People do not dispute defendant’s claim that the People failed to serve CPL 710.30 (1) (b) notice, or that there was an identification procedure. Instead, the People contend that such identification notice was not required because the identification was confirmatory in nature. According to the People, the complainant knew the defendant “by face” because he and the defendant attended the same high school. The People contend, therefore, that the motion to preclude should be summarily denied, or, in the alternative, a Rodriguez hearing should be held.
In view of the parties’ conflicting allegations, defendant’s motion requires the court to determine the circumstances under which a “preclusion” hearing should be granted to determine whether CPL 710.30 (1) (b) notice was required. Because the court finds that the allegations in defendant’s motion raise a substantial factual question as to whether an identification procedure occurred for which the People were required to provide CPL 710.30 (1) (b) notice, the court hereby grants the motion to preclude only to the extent that a hearing is hereby ordered to ascertain whether such an identification procedure took place. *804 Under the circumstances, a “preclusion” hearing is the only appropriate way to resolve the conflicting factual allegations of the parties.
Discussion
The statute requiring the People to provide notice of an identification procedure, CPL 710.30 (1), provides, in pertinent part, that:
“Whenever the People intend to offer at a trial. . . (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
Subdivision (3) of CPL 710.30 further provides that should the People fail to serve the foregoing notice within a prescribed period (15 days from arraignment), “no evidence of a kind specified in subdivision one [i.e., no identification testimony] may be received against [defendant] upon trial,” except in certain circumstances which are not present here.[1]
Although the language of CPL 710.30 (1) (b) does not expressly limit the types of identification procedures for which the People are required to provide notice, the Court of Appeals has carved out various exceptions to the identification notice requirement. (See Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 710.30, at 222-223 [citing cases]; Hibel, New York Identification Law, at 6-9 [Gould Pubis 2001].)
It is well settled, for example, that the People are not required to serve CPL 710.30 (1) (b) notice where the alleged identification procedure was merely confirmatory, such as where the identifying witness and defendant are well known to each other.[2] (See People v Gissendanner, supra, 48 NY2d at 552; People v *805 Collins, 60 NY2d 214, 219 [1983]; People v Tas, 51 NY2d 915, 916 [1980].) Identification notice is not statutorily required in these circumstances because when the “protagonists are known to one another ‘suggestiveness’ is not a concern” (People v Gissendanner, supra, 48 NY2d at 552) and “there is little or no risk” of an unreliable identification (People v Collins, supra, 60 NY2d at 219), the admissibility of which CPL 710.30 (1) (b) was designed to avoid by its mandatory notice provisions. (See People v Gissendanner, supra, 48 NY2d at 552 [CPL 710.30 was “apparently a legislative response to the problem of suggestive and misleading pretrial identification procedures”]; Hibel, New York Identification Law, at 2 [“The statute’s primary goal is to enable pre-trial, judicial scrutiny of state-sponsored identification procedures, to assess whether the results, by virtue of undue suggestiveness, are too unreliable to be admitted at trial”].)
Here, the People, relying upon the foregoing exception to the CPL 710.30 (1) (b) notice requirement, argue that the motion to preclude should be summarily denied since, according to the People, the complainant knew the defendant “by face,” having attended the same high school as defendant. Although summary denial of a CPL 710.30 (1) (b) motion to preclude may be appropriate where a defendant fails to set forth sufficient legal grounds or factual allegations in support of the motion, here defendant sets forth not only the legal grounds for the motion (namely, that the People failed to serve timely notice of a police-arranged, nonconfirmatory identification procedure), but also sufficient, if not compelling, factual allegations which pointedly contradict the People’s somewhat conclusory claim that defendant and the complainant are known to each other. Significantly, defendant’s factual allegations are supported by police reports (annexed to the motion), which tend to establish not only that an identification procedure occurred (a fact not disputed by the People), but also that the perpetrator was not known to the complainant.
Given the nature and the specificity of defendant’s factual allegations, the court finds that a preclusion hearing is warranted. Inasmuch as the People have already conceded that an identification procedure occurred and that they did not serve timely notice of this procedure, the purpose of the hearing is to ascertain whether the identification was merely confirmatory based upon sufficient prior familiarity. If the hearing court finds that the identification procedure was merely confirmatory, the preclusion motion should be denied since the People are not *806 statutorily required to serve notice of confirmatory identifications. If the court finds, however, that the identification was not confirmatory, the motion to preclude identification testimony should be granted.
The court recognizes that unlike CPL 710.60 (4)* which specifically authorizes the granting of a fact-finding hearing to resolve a motion to suppress (see generally People v Mendoza, 82 NY2d 415 [1993]), the statutory framework of CPL 710.30 does not expressly provide that the court may order a hearing to resolve a motion to preclude. Notwithstanding the absence of such statutory authority, however, there is appellate authority for the granting of a hearing to resolve a motion to preclude.
In People v Castagna (196 AD2d 879, 880 [2d Dept 1993]), the defendant learned during a Huntley-Dunaway hearing that defendant was identified by a police officer in a photo array. Although the People conceded that they failed to serve CPL 710.30 (1) (b) notice of this police-arranged identification procedure, the hearing court denied defendant’s motion to preclude, finding that the identification was confirmatory.
On appeal, the Appellate Division held that the record of the Huntley-Dunaway hearing was insufficient to support the hearing court’s determination that the identification was merely confirmatory. Accordingly, the Appellate Division remitted the matter to the lower court to resolve defendant’s motion to preclude by holding a “hearing [whose] . . . purpose is ... to ascertain whether what took place here was the sort of identification procedure of which the People were required to give the defense notice pursuant to CPL 710.30 (1) (b).” (Castagna at 880; see also People v Kahley, 214 AD2d 960, 961 [4th Dept 1995] [“Where the question of the applicability of CPL 710.30 depends on whether the identification procedure was merely confirmatory, the remedy is to remit the matter to the trial court for a hearing to determine whether the witness knew the defendant so well that no amount of police suggestiveness could have tainted the identification”]; see generally People v Michael M., 162 Misc 2d 803, 806-807 [Sup Ct, Kings County 1994] [discussing trial court’s “inherent” power to order a fact-finding hearing to resolve questions regarding the admissibility of evidence, “despite the lack of specific authorization in the CPL”].)
The court notes that preclusion hearings, like Mapp/Dunaway hearings, should not be “automatic or generally available for the asking by boilerplate allegations.” (People v Mendoza, supra, *807 82 NY2d at 422.) Nor should defendants who are moving to preclude identification testimony be “relieve[d] ... of the burden of pleading facts in support of [the] motion” (id. at 429), as are defendants who are moving to suppress identification testimony. (Id.; CPL 710.60 [3] [b].)
Although courts, in deciding whether to grant a preclusion hearing, should clearly consider the extent to which defendant lacks “access to information” regarding the alleged unnoticed identification (People v Mendoza, supra, 82 NY2d at 422), the court finds that, as a threshold matter, a preclusion hearing is warranted only where, as here, defendant’s factual allegations, read in the “context” of the prior pleadings and concessions by the People (id. at 427), raise a genuine factual dispute regarding familiarity and/or regarding the People’s claim that the identification was merely confirmatory.
Of course, often times a full fact-finding hearing may be unnecessary since an unnoticed identification is often discovered during the course of some other fact-finding hearing or pretrial procedure, and thus the motion to preclude may be immediately resolved by the People’s concessions, or by proceeding to elicit additional, relevant facts. (See e.g. People v Bernier, 141 AD2d 750, 752 [2d Dept 1988] [unnoticed identification discovered “inadvertently” during jury selection process; preclusion issue resolved by the People’s concession that a police-arranged identification occurred], affd 73 NY2d 1006 [1989]; People v Castagna, supra, 196 AD2d at 880 [unnoticed identification discovered during “course of pretrial hearings”]; People v Brin, 190 AD2d 512, 512 [1st Dept 1993] [unnoticed identification discovered during trial; preclusion issue resolved by eliciting additional facts during “voir dire outside the presence of the jury”]; People v Miles, 163 AD2d 330, 331 [2d Dept 1990] [unnoticed identification discovered during “cross-examination of the complaining witness”; preclusion issue resolved by eliciting additional facts during complainant’s testimony]; People v Garcia, 145 Misc 2d 742 [Sup Ct, Queens County 1989] [unnoticed identification discovered during Mapp hearing; preclusion issue resolved by People’s concessions and by eliciting additional facts during hearing].)
Finally, the People’s alternative contention that a Rodriguez (People v Rodriguez, 79 NY2d 445, 453 [1992]) hearing should be ordered is misplaced, and, to the extent that the People request a Rodriguez hearing, the People’s application is denied. In People v Rodriguez (supra), the defendant moved for an or *808 der granting a Wade hearing to explore the suggestiveness of a photo showup. The People opposed the motion, claiming that the parties were known to each other. In reply, defendant denied having any prior familiarity with the complainant. Despite the obvious factual dispute between the parties regarding the issue of prior familiarity, the motion court summarily denied the motion to suppress.
The Court of Appeals held, however, that it was error to summarily deny the motion to suppress, and remitted the matter “for a hearing to determine whether the identification procedure was confirmatory.” (Id. at 453.) Significantly, People v Rodriguez (supra) did not involve a motion to preclude pursuant to CPL 710.30, and there was no claim in Rodriguez that the People failed to serve timely notice of an identification procedure.
It is true that the factual purpose of a preclusion hearing is much like the factual purpose of the hearing proposed in People v Rodriguez (supra) — namely, to determine whether the identification of the defendant by the complainant was merely confirmatory xin the sense that the parties are known to each other. It is also true that it is the People’s burden at a preclusion hearing, as it is at a Rodriguez hearing, to “show that the protagonists are known to one another, or where . . . there is no mutual relationship, that the witness knows defendant so well as to be impervious to police suggestion.” (People v Rodriguez, supra, 79 NY2d at 452 [“The People bear the burden in any instance they claim that a citizen identification procedure was ‘merely confirmatory’ ”] [emphasis added].)
Notwithstanding the foregoing similarities, there is a substantial difference between the legal purpose of a Rodriguez hearing and the legal purpose of the preclusion hearing ordered here. Should the hearing court find at a Rodriguez hearing, for example, that the identification was not confirmatory, the court ordinarily would grant defendant a Wade hearing to determine the suggestiveness of the identification procedure. (People v Rodriguez, supra, 79 NY2d at 453.) On the other hand, should the court find, after a preclusion hearing, that the identification was not confirmatory, the court ordinarily would preclude both the in-court and out-of-court identification of defendant. (See People v Castagna, 207 AD2d 902, 903 [2d Dept 1994] [in-court and out-of-court identification precluded where Appellate Division determines, after a preclusion hearing, that unnoticed identification was not confirmatory]; see also People v Bernier, *809 73 NY2d 1006, 1008 [1989]; People v Perez, 177 AD2d 657, 657-658 [2d Dept 1991].)
It is important to recognize and maintain this legal distinction between a Rodriguez hearing, also known as a “pre-Wade hearing” (People v Williamson, 79 NY2d 799, 801 [1991]), which arises from a CPL 710.60 motion to suppress, and a preclusion hearing, which arises from a CPL 710.30 motion to preclude, in view of the statutory waiver consequences of a motion to suppress (rather than preclude) an unnoticed identification procedure. (See CPL 710.30 [3] [preclusion sanction unavailable where defendant “move(s) to suppress” unnoticed identification “and such motion has been denied”]; see also People v Kirkland, 89 NY2d 903 [1996].)
Accordingly, defendant’s motion to preclude is granted only to the extent that a hearing is hereby ordered to ascertain whether an identification procedure for which the People were required to give notice occurred within the meaning of CPL 710.30 (1) (b).

. The People may avoid the preclusion sanction if they are able to demonstrate “good cause” for their failure to serve timely notice. (CPL 710.30 [2].)

. Nor are the People required to serve CPL 710.30 (1) (b) notice where the identification of defendant was not “police-arranged” (People v Gissendanner, 48 NY2d 543, 552 [1979]), or where, although police-arranged, “[t]he viewing [of defendant] by [a] trained undercover narcotics officer occurred at a place and time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure.” (People v Wharton, 74 NY2d 921, 922-923 [1989].)