■ TOWN OF COEYMANS, Appellant, v JAMES MALPHRUS, Respondent.— Appeal from an order of the County Court of Albany County, entered August 29, 1979, which reversed a judgment of the Town Court of the Town of Coeymans convicting defendant of violations of the Town of Coeymans zoning ordinance. The notice of appeal seeks review of an order of the County Court of Albany County which reversed a judgment of conviction rendered by the Town Court of the Town of Coeymans. Although the title of the action identifies the Town of Coeymans as plaintiff, the record discloses it was commenced with the filing of an information or a misdemeanor complaint, on which a summons was issued, charging defendant with criminal contempt in the second degree in violation of subdivision 3 of section 215.50 of the Penal Law. An "amended complaint" was thereafter interposed by a different complainant alleging defendant's violation of various provisions of the zoning ordinance of the Town of Coeymans and its Local Law No. 2 of 1970 (Local Laws, 1970, No. 2 of Town of Coeymans) governing the removal and sale of abandoned vehicles. Following a trial, the town court found that defendant had violated the latter enactment, but its "order" did not separately direct any sanction in relation thereto. However, the trial court also found transgressions of the zoning ordinance and purported to impose a fine of "$50.00 per violation for each week beyond the 30 days from the date of this order that any of the foregoing violations exist". On appeal, the County Court of Albany County treated this directive as a judgment of conviction and, despite the ambiguity of its terms, we fail to see how it could be regarded as anything other than the imposition of a conditional sentence. The zoning ordinance specifies in section 520.08 that the Town Attorney shall institute appropriate legal action to compel compliance with its terms and allows any three town taxpayers to do so if he fails to act. The only reference to a fine is contained in section 520.09 which recites that "Any person who shall violate * * * the provisions of this Ordinance shall be subject to conviction for an offence against an ordinance. He shall also be subject to a fine not exceeding fifty ($50) dollars or by imprisonment for a period not exceeding ten (10) days, or by both such fine and imprisonment for each and every violation." Accordingly, we conclude that this action, whatever its original aim, was criminal in nature and resulted in a judgment of conviction. It follows that we are without jurisdiction to entertain this appeal since the County Court of Albany County was the only intermediate appellate court to which an appeal could be taken in this situation (CPL 450.60, subd 3; cf. People v Bishop, 35 AD2d 682), and its disposition of the matter could be further reviewed only by the Court of Appeals on a certificate issued by one of the Judges of that court (CPL 450.90, 460.20, subd 2, par [b]). No such certificate has been issued and the time to apply therefor has long since expired (CPL 460.10, subd 5). Consequently, there is not even the vestige of a remaining appeal to be transferred to the Court of Appeals (see NY Const, art VI, § 5, subd b). Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur. [100 Misc 2d 589.]