■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM JOHNSON, Also Known as KEITH JOHNSON, Appellant.— Appeal from a judgment of the Supreme Court, New York County (James Leff, J.), rendered on June 19, 1987, convicting defendant, upon his plea of guilty, of six counts of criminal possession of stolen property in the fourth degree and sentencing him as a predicate felon to six concurrent terms of from 2 to 4 years' incarceration, is held in abeyance and the matter remanded for a hearing with respect to defendant's motion to suppress evidence.

Defendant was arrested on January 15, 1987 after he purportedly removed six credit cards from the person of one individual and was discovered by a Doral Hotel security guard going through the pockets of another victim. The security guard, also employed by the New York City Police Department, grabbed defendant and, following a struggle, took him to the security office where he found the six credit cards in defendant's pockets. Subsequent to his indictment for six counts of criminal possession of stolen property in the fourth degree and one count of jostling, defendant submitted an omnibus motion seeking, in part, to suppress the physical evidence—that is, the six credit cards—taken by the security

guard. In that connection, defendant's motion papers claimed that when he was stopped and arrested, he was committing no crimes nor was he acting in any suspicious manner but was merely proceeding lawfully in a public place. In addition, defendant stated that there were no radio alerts for a subject fitting his description. Based on these allegations, the court (Albert Williams, J.), properly directed that a hearing be held with regard to defendant's suppression motion. However, when the case was reassigned for a trial, the presiding Judge (James Leff, J.) declined to conduct a hearing and denied the motion to suppress on the ground that his examination of the Grand Jury minutes demonstrated that the seizure of the credit cards was the product of a lawful arrest since the search was conducted by employees of the Doral Hotel prior to the time that defendant was taken into police custody. The court proceeded to observe that even assuming police action, the search was incident to a lawful arrest.

The People concede that the refusal of the trial court to hold a hearing was error. CPL 710.60 (3) provides that a motion to suppress evidence may be denied only when

"(a) The motion papers do not allege a ground constituting legal basis for the motion; or

"(b) The sworn allegations of fact do not as a matter of law support the ground alleged".

In the instant situation, not only did the motion papers set forth sufficient factual allegations warranting a hearing but, as the People admit, the court denied both the hearing and the motion on grounds other than those authorized by the Criminal Procedure Law. Thus, the Judge wrongfully rendered his decision on his reading of the Grand Jury minutes where the issue of probable cause was never explored and defendant had no opportunity for cross-examination (People v Werner, 55 AD2d 317; see also, People v Dodt, 61 NY2d 408). Moreover, in the absence of exceptional circumstances not present herein, it was improper for one court to overrule a determination made by another court of coordinate jurisdiction (People v Finley, 104 AD2d 450). Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Smith, JJ.