■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WATSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 14, 1989, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Initially we note that the defendant's application for the production of the aunt of the complaining witness or, in the alternative, for a missing witness charge was untimely made.

In any event, a party "may be entitled to a missing witness charge only if he sustains his burden in the first instance of showing that there is an uncalled witness who is knowledgeable about a material issue pending in the case and that such witness can be expected to testify favorably to the opposing party" *(People v Dianda,* 70 NY2d 894, 896; *see also, People v Gonzalez,* 68 NY2d 424; *People v Mattiace,* 156 AD2d 390, *affd* 77 NY2d 269). Here, both the complainant and her mother testified that the complainant visited her aunt in the spring, not in the summer when the alleged incidents are said to have occurred. Although the defendant's witnesses testified that the complainant was visiting her aunt at the time the incidents are alleged to have occurred, neither of these witnesses had any basis in personal knowledge to support this contention. Therefore, the defendant has failed to carry his burden of demonstrating that the issue to which the aunt would testify was material *(see, People v Dianda, supra).*

The defendant contends that the evidence was legally insufficient, in that the touching of a nine-year old's chest does not constitute sexual contact within the meaning of Penal Law § 130.65. This contention is unpreserved for appellate review, and in any event, is without merit. It is well settled that "conduct [which] falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal" *(People v Ditta,* 52 NY2d 657, 660). Moreover, "[s]exual contact is defined broadly" *(People v Ditta, supra,* at 661). The conduct involved here clearly constitutes "sexual contact" within the meaning of Penal Law § 130.00 (3) and § 130.65 (3). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5])

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245), or without merit. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.