OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to Supreme Court, Bronx County, for further proceedings in accordance with this memorandum.
Defendant was charged with first degree robbery arising out of a knifepoint street encounter in The Bronx. The complainant identified him out of a photo array. At a hearing to determine whether a Wade hearing was required, the complainant testified that prior to the robbery she had seen the defendant more than 10 times in the bodega where she worked, and had seen him more than 20 times in the neighborhood where they both lived. The court cut off cross-examination of the complainant in several relevant respects, and concluded that the photo identification was confirmatory, that CPL 710.30 notice was not required, and that there was no evidence of impermissible suggestiveness by the police.
Defendant was convicted after a jury trial, and the Appellate Division affirmed the judgment, finding that although the curtailment of cross-examination was error, the complainant’s testimony sufficiently established the confirmatory nature of the photo identification (161 AD2d 489).
We agree that it was error to restrict cross-examination under these circumstances, because once the complainant was called as a witness for the People at the hearing, defendant had the right to cross-examine her (contrast, People v Chipp, 75 NY2d 327). Unlike the Appellate Division, however, we conclude that the error requires a reversal. The issue central to the hearing was the extent of the complainant’s prior familiarity with the defendant and that issue became crucial at trial in this single-witness identification case. Thus, the preclusion of an adequate opportunity to cross-examine on *801 that key issue eliminated any supportable basis upon which to find that the photo identification was the product of prior familiarity and, therefore, merely confirmatory (see, People v Newball, 76 NY2d 587; People v Collins, 60 NY2d 214). The case must be remitted for a hearing to determine whether a Wade hearing is required. If, after that pr e-Wade hearing, the court concludes that a Wade hearing is not required, the judgment should be amended to reflect that determination and the judgment of conviction and sentence treated as affirmed. If, after the pr e-Wade hearing, the nisi prius court determines that a Wade hearing is required, a Wade hearing should be held and further proceedings, including a new trial, should be carried out as circumstances may warrant. We have examined defendant’s remaining argument and conclude it is without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.