Bellacosa, J.
(dissenting). I vote to affirm the order of the Appellate Division upholding this murder and weapons possession conviction, because the trial court’s denial of defendant’s motion for a Wade hearing was proper under CPL 710.60 (3) and this Court’s governing precedents. The Court, in my view, extends the governing procedural protections too far based on an unsupportable interpretation of this record.
The grocery store clerk, whose testimony is at issue, witnessed a murder. He promptly and voluntarily reported the crime to the local police precinct, and eventually identified defendant as the shooter based on a photograph shown to him by an investigating detective. The eyewitness thereafter testified before the Grand Jury that he had previously seen defendant "[a]t least four dozen times” as a customer in the grocery store where the eyewitness worked.
Defendant, conclusorily asserting suggestiveness of the out-of-court identification, sought a pretrial Wade hearing based on his counsel’s oral representations and affidavit. Defense counsel claimed that the eyewitness’s assertion of familiarity with defendant was unfounded because defendant did not “personally know * * * or hav[e] any prior familiarity with” the eyewitness.
This inversion of who knew or did not know whom, asserted secondhand by the defense lawyer, does not, standing alone, create an issue entitling defendant to a pretrial hearing on suggestiveness (see, People v Collins, 60 NY2d 214; People v Tas, 51 NY2d 915; People v Gissendanner, 48 NY2d 543; see also, People v Wharton, 74 NY2d 921). Defendant’s finessed indication that he was not personally familiar with the eyewitness is irrelevant to the issue at hand and does not imply or support the inference that the eyewitness did not know defendant very well. Moreover, counsel’s assertion does not contradict, overcome or cast the slightest doubt on the formidable predicate assertion by the eyewitness of extensive and neutral familiarity with the defendant. Indeed, defendant through his counsel studiously avoided joining issue with respect to the Grand Jury testimony of the eyewitness concerning his multiple observations of defendant. There was not even any assertion that the witness lacked a basis or source of *455 knowledge, for example, on the ground that defendant did not frequent the grocery store or neighborhood.
The Court’s rule in this case not only rewards defendant for procedural cleverness but, in addition, charts a pro forma pleadings guide to unnecessary, unwarranted and automatic pretrial hearings. Henceforth, a defendant’s unsubstantiated and sophistic claim, solely through counsel, of unfamiliarity with an eyewitness who uncontrovertedly asserts extensive familiarity with the defendant will nevertheless require a hearing. The unfortunate practical consequence for a host of cases and unnecessarily harassed voluntary witnesses is evident (contrast, People v Gruden, 42 NY2d 214; see, CPL 710.60 [3] [summary denial authorization]). The parallel observations in People v Chipp (75 NY2d 327) in this regard are particularly apt and perhaps may even be undermined, i.e., "as at trial, any right of compulsory process at a Wade hearing may be outweighed by countervailing policy concerns, properly within the discretion and control of the hearing Judge. To hold otherwise would, in our view, only encourage the misuse of Wade hearings. To accord every defendant an absolute right to call an identifying witness at a Wade hearing would enable defendants to harass identifying witnesses and to transform the hearing into a discovery proceeding neither authorized nor contemplated by the Legislature” (id., at 337).
The Court also appears to tender an equally untenable alternative dispositional rationale. The People are found to have failed to meet a new, amorphous, initial burden of showing, in the context of a case such as this, that "the witness knows defendant so well as to be impervious to police suggestion” (majority opn, at 452 [emphasis added]). If four dozen viewings by a disinterested store clerk who voluntarily went to the police after witnessing a murder do not qualify as sufficiently "impervious to police suggestion”, I cannot imagine any circumstances that will. So the rule in this respect is really no rule at all. What emerges instead is an artificially rigid requirement that the People must establish either mutuality of "protagonists” (majority opn, at 452) or an unquantified and undefined kind of close, prior relationship (majority opn, at 450). Our precedents to date have not so restricted the scope of the "confirmatory identification” exception, and I see no reason to do so in this case and under these circumstances. Moreover, the witness’s assertions were searchingly explored in cross-examination at the trial, where the witness also made *456 a positive in-court sworn identification of the defendant as the murderer.
It is precisely because the pretrial matters at issue here turn on numerous "factors” (majority opn, at 451) and reduce to a "question of degree” (majority opn, at 450) that the better course and rule in these kinds of circumstances and cases would be for this Court to allow a sensible exercise of discretion and judgment, under the prevailing precedents, concerning the need for a pre-Wade or Wade hearing (compare, People v Williamson, 79 NY2d 799 [where a trial court prudently held a hearing, albeit erroneously circumscribing the cross-examination of the witness once underway]; see also, People v Chipp, 75 NY2d, at 337, supra). New, de facto, per se rules and exclusively delineated relationships, generating unnecessary pretrial hearings in the confirmatory identification Wade category, do not fairly and well serve all the protagonists in the process.
Chief Judge Wachtler and Judges Simons, Titone and Hancock, Jr., concur with Judge Kaye; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.