■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY BERNARD, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered February 7, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, attempted assault in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years for the second degree weapon possession conviction and 3½ to 7 years on each of the remaining counts, unanimously affirmed.

We agree with defendant that the evidence at the *Wade* hearing was insufficient to show that the complainant's precinct showup identification was confirmatory, based as it was on nothing more than the testimony of police officers that the complainant had informed them that he knew defendant from the neighborhood, and that a ruling based on evidence of specific knowledge was therefore required *(People v Rodriguez,* 79 NY2d 445). However, in view of the overwhelming independent evidence of defendant's guilt other than the in-court identification by the complainant, the court's error was harmless *(see, People v Johnson,* 169 AD2d 779, *lv denied* 77 NY2d 996). Here, in addition to the complainant's in-court identification, there was the testimony of his sister identifying defendant as the assailant, and the testimony of police officers identifying defendant as the person they had chased and from whom they recovered the gun identified by the complainant as the weapon used in the commission of the crime.

We also reject defendant's argument that the testimony was incredible insofar as witnesses maintained defendant returned to the scene shortly after firing his weapon and was dressed somewhat differently. These matters are for the trier of fact and no basis exists to disturb the verdict on this ground.

Finally, we do not find the sentence excessive, in view of the fact that the crimes were committed while defendant was on parole, and in view of defendant's lengthy, recent criminal record. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.