■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BRIN, Appellant.—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 7, 1991, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

The trial court properly denied defendant's motion to preclude the testimony of the People's identification witness because of their failure to provide notice of her testimony (CPL 710.30) upon its finding, after a voir dire outside the presence of the jury *(People v Vargas,* 118 Misc 2d 477), that the witness was sufficiently familiar with defendant so as to render her photographic identification merely confirmatory *(see, People v Rodriguez,* 79 NY2d 445). In any event, the admission of the challenged witness's testimony was harmless in view of the overwhelming evidence of defendant's guilt based upon the testimony of the other witness, who had been defendant's lover for several months shortly before the shooting and whose familiarity with him was not seriously challenged *(see, People v Bernard,* 188 AD2d 348). The court's instruction that "a reasonable doubt is a doubt which you can explain logically and coherently" defined the required degree of clarity and coherence of thought, focusing on the jurors' intellectual effort, and did not impose upon them an affirmative obligation to specifically articulate the basis for such

doubt *(see, People v Antommarchi,* 80 NY2d 247, 251-252). Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.