■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBREY BRYAN, Appellant. [614 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Juviler, J.), rendered March 23, 1992, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

In his omnibus motion, the defendant sought, *inter alia*, to suppress identification testimony by five citizen-witnesses on the ground that photographic identifications by the witnesses were impermissibly suggestive. The People submitted a reply in which they opposed a *Wade* hearing on the ground that the identifications were confirmatory, merely alleging that "the witnesses knew defendant by the street name 'Bullet' ". At a subsequent pretrial conference, the prosecutor further maintained that a *Wade* hearing was unnecessary because the witnesses knew the defendant by nickname as a person "in the project area for some time". The court summarily denied a *Wade* hearing, reasoning that "[t]he parties were known to each other".

The court erred in denying the defendant's motion without a hearing, inasmuch as the People's allegations were insufficient to demonstrate that the photographic identifications were merely confirmatory in nature *(see, People v Rodriguez,* 79 NY2d 445; *see, e.g., People v Lawhorn,* 192 AD2d 359; *People v Cinatus,* 188 AD2d 481; *People v Bernard,* 188 AD2d 348; *People v Harewood,* 184 AD2d 657). Furthermore, to the extent which the People presently attempt to rely on the Grand Jury testimony of two eyewitnesses to support their claim that the identifications were confirmatory, we note that such reliance is inappropriate *(see, People v Grajales,* 175 AD2d 293; *People v Johnson,* 148 AD2d 304; *People v Pavesi,* 144 AD2d 392; *People v Werner,* 55 AD2d 317). In any event, even if we were to accept that testimony, it would not demonstrate that the three remaining witnesses who did not testify before the Grand Jury were so familiar with the defendant as to render them impervious to suggestiveness. Under these circumstances, we conclude that the defendant is entitled to a hearing to explore these issues and conduct cross-examination

with respect to all of these witnesses *(see generally, People v Williamson,* 79 NY2d 799; *People v Rodriguez, supra,* at 451). Accordingly, we remit the matter for such a hearing. Since no determination has been made that the police employed a suggestive identification procedure, the appeal may be held in abeyance for a post-judgment hearing *(see, People v Cinatus, supra; People v Harewood, supra; cf., People v Burts,* 78 NY2d 20).

In view of the foregoing, we do not reach the defendant's remaining contention at this juncture. Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.