■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO APONTE, Appellant. [623 NYS2d 333] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 15, 1992, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and in the interest of justice, and a new trial is ordered to be preceded by a hearing on the issue of whether the identification procedures which occurred in this case were merely confirmatory so as to obviate the need for a *Wade* hearing.

The defendant's omnibus motion included an application for the suppression of evidence relating to his identification by the victim. The People, in opposing this application, acknowledged that the victim had made pretrial identifications during the course of two police-sponsored procedures. However, the People asserted that the victim was familiar with the defendant. The court denied this branch of the defendant's motion, with leave to renew. Subsequent colloquy reveals that the parties expected that, during the course of trial, testimony would be taken outside the presence of the jury relating to the victim's alleged familiarity with the defendant. Nonetheless,

no such procedure occurred prior to the prosecutor's eliciting the following testimony:

"[Prosecutor]: Had you seen [the person identified as the defendant] prior to the week before the crime?

"[Witness]: Yes.

"[Prosecutor]: When was the first time you had seen him?

"[Witness]: Going back four years.

"[Prosecutor]: Four years. When would you see him or where?

"[Witness]: I would see him hanging out with the other guys or either you know, I would see him pick-pocketing and snatching chains."

The defendant's trial continued after an unsuccessful motion for a mistrial had been made, and culminated in a verdict convicting him of the crimes of robbery in the first and second degrees. We reverse.

The People contend that the defendant abandoned his request for a hearing on the issue of the victim's familiarity with him *(see, People v Rodriguez,* 79 NY2d 445; *see also, People v Williamson,* 79 NY2d 799) because his counsel "failed to object to the receipt of identification testimony until the witness blurted out prejudicial information". The People assert that "[h]aving been granted the opportunity for a *Wade*-related inquiry, defendant never alerted the court to the omission to conduct such a proceeding".

The People's argument is essentially based on the doctrine of preservation. However, even assuming that the defendant failed to preserve this matter for review as a matter of law, we find that the victim's blurting out of obviously prejudicial testimony, a circumstance which would have been prevented had a hearing been conducted prior to trial, was an irregularity of sufficient magnitude to warrant review in the interest of justice.

In sum, we find, under the particular circumstances of this case, that the defendant was denied his right to a fair trial as a result of the court's failure to hold a pretrial *Rodriquez* hearing. A new trial, to be preceded by such a hearing, is therefore necessary. The defendant's remaining argument is academic in light of this determination. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.