■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN THORNTON, Appellant. [634 NYS2d 757] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 3, 1994, convicting him of

sexual abuse in the first degree (three counts) and endangering the welfare of a child, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Appelman, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

In their CPL 710.30 notice and in response to the defendant's omnibus motion, the People indicated that the six year-old complainant made a confirmatory photographic identification of the defendant on December 1, 1992. The People further consented to a *Rodriguez/Wade* hearing. Although the Supreme Court initially granted such a hearing, the People subsequently moved to reargue the issue. In support of the motion, they submitted an affidavit of an Assistant District Attorney stating, *inter alia,* that on some 50 to 100 occasions, "the complainant and the defendant have been in front of the building together", and that the "defendant had spoken to the complainant a couple of times", and that "the complainant did tell the police that [the defendant] lived in his building and that he had seen him before". The defendant responded, *inter alia,* that the People failed to allege that the complainant was sufficiently familiar with the defendant and that a *Wade* hearing was required. The court (Appelman, J.) granted reargument and denied a *Wade* hearing, finding that the People had established adequate familiarity so as to eliminate the possibility that any identification procedure was tainted by suggestiveness.

At the ensuing nonjury trial, the complainant testified that he had seen the defendant "a couple" of times before, that the defendant had given him balloons and caramels on those two occasions, and that the police had told him the defendant's name. The defendant's counsel then argued that the defendant was improperly denied a *Wade* hearing based upon the People's false or erroneous affidavit, and that the identification was tainted because it was based on the exhibition of a single post-arrest photograph to the complainant some two months after the crime. However, the trial court (Cooperman, J.) found that there was no *Rodriguez* problem since the complainant and the defendant had seen each other on two occasions. The court similarly denied the defendant's subsequent CPL 330.30 mo-

tion to set aside the verdict. We now remit the matter to the Supreme Court for a *Rodriguez/ Wade* hearing.

Contrary to the People's contention, the defendant did not waive or fail to preserve the identification issue, inasmuch as the defense counsel repeatedly raised the question of the defendant's right to a hearing both during pretrial proceedings and at trial *(see,* CPL 470.05 [2]; 710.40 [4]). We find unpersuasive the defendant's claim that the People's inaccurate affidavit in support of reargument effectively constituted a "withdrawal" of their CPL 710.30 notice as a matter of law *(see, People v Gissendanner,* 48 NY2d 543, 552; *compare, People v Boughton,* 70 NY2d 854; *People v Hines,* 200 AD2d 634, 635). However, we agree that the defendant is entitled to a hearing, since the court granted reargument and denied a hearing based on a factually misleading affidavit which was inadequate to establish as a matter of law that the identification was confirmatory *(see, People v Bryan,* 206 AD2d 434; *People v Cinatus,* 188 AD2d 481). Accordingly, we remit the matter for a hearing to determine whether the complainant's identification was truly confirmatory in nature *(see, People v Rodriguez,* 79 NY2d 445; *People v Newball,* 76 NY2d 587; *People v Bryan, supra),* and, if not, whether the single-photograph identification procedure employed in this case was unduly suggestive *(see, People v Dixon,* 85 NY2d 218). Since no determination has yet been made that the identification procedure was suggestive, the appeal may be held in abeyance for a post-judgment hearing *(see, People v Bryan, supra; People v Cinatus, supra; cf., People v Burts,* 78 NY2d 20).

In view of the foregoing, we do not presently address the defendant's remaining contention. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.