■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN REDDING, Appellant. [850 NYS2d 198]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered January 14, 2004, convicting him of attempted assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (DiMango, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony and, more particularly, whether the photographic identification was merely confirmatory in nature, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

In his omnibus motion, the defendant sought, inter alia, to suppress identification testimony by the complaining witness on the ground that a photographic identification by the witness was impermissibly suggestive. The Supreme Court denied the motion, without a hearing, on the ground that the witness knew the defendant and therefore the identification was merely confirmatory. The Supreme Court erred in denying the defendant's motion without a hearing (*see People v Rodriguez,* 79 NY2d 445 [1992]; *People v Williamson,* 79 NY2d 799 [1991]). Therefore, we remit the matter to the Supreme Court for a hearing to determine whether the photographic identification was merely confirmatory in nature (*see People v Rodriguez,* 79 NY2d at 453). Since no determination has been made that the police employed a suggestive identification procedure, the appeal may be held in abeyance for a posttrial hearing with respect to this issue (*see People v Thomas,* 225 AD2d 641 [1996]; *People v Thornton,* 222 AD2d 537, 539 [1995]; *People v Bryan,*

206 AD2d 434, 435-436 [1994]; *People v Cinatus*, 188 AD2d 481, 482 [1992]). In light of this determination, we decide no other issues at this time. Spolzino, J.P., Ritter, Carni and McCarthy, JJ., concur.