■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERROD COLEMAN, Appellant. [876 NYS2d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered March 2, 2006, convicting him of robbery in the third degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony and, more particularly, whether the photographic identifications were merely confirmatory in nature and, if not, whether the photographic identification procedures employed were unduly suggestive, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

Prior to trial, the complaining witness made two photographic identifications of the defendant. In his omnibus motion, the defendant sought, inter alia, to suppress the complaining witness's identification testimony on the ground that these identifications were made under impermissibly suggestive circumstances. However, the People, essentially asserting that the identifications were merely confirmatory, contended that this branch of the motion should be denied without a hearing. In support of their assertion, the People provided a portion of the transcript of the grand jury proceedings, reflecting that the complaining witness testified that, approximately three months before the alleged robbery, he began seeing the defendant "regularly," in that "every other day," the defendant would "walk[ ] up and

down the block" where the complaining witness lived. The Supreme Court, finding that the complaining witness had sufficient "familiarity" with the defendant so as to render a hearing "unnecessary," denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress the complaining witness's identification testimony.

Under the circumstances, the People, relying on testimony "untested by cross-examination," failed to meet their burden of establishing that the complaining witness knew the defendant "so well as to be impervious to police suggestion" (*People v Rodriguez*, 79 NY2d 445, 451, 452 [1992]; *see People v Williamson*, 79 NY2d 799, 800-801 [1991]). Accordingly, the Supreme Court erred in denying, without a hearing, that branch of the defendant's omnibus motion which was to suppress the complaining witness's identification testimony (*see People v Rodriguez*, 79 NY2d at 453; *People v Williamson*, 79 NY2d at 800-801), and we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the photographic identifications were merely confirmatory in nature, and if not, whether the photographic identification procedures employed were unduly suggestive (*see People v Rodriguez*, 79 NY2d at 453; *People v Williamson*, 79 NY2d at 801; *People v Thornton*, 222 AD2d 537, 539 [1995]). Accordingly, the appeal must be held in abeyance for a posttrial hearing with respect to these issues (*see People v Redding*, 47 AD3d 953 [2008]; *People v Thornton*, 222 AD2d at 539; *People v Bryan*, 206 AD2d 434 [1994]).

In light of our determination, we decide no other issues at this time. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.