THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CRUZ, Defendant. NEW YORK STATE POLICE, Appellant. (And 10 Other Related Actions.) [927 NYS2d 212]—

Stein, J.

Defendants were each charged by way of simplified traffic informations with violating the Vehicle and Traffic Law. After they pleaded not guilty, by mail, to the charges against them, the Justice Court of the Town of Ulster scheduled and notified each defendant of an appearance date for a pretrial conference/trial.[1] The People then issued and served subpoenas ad testificandum upon the various State Troopers responsible for issuing the simplified informations to secure their appearance on such dates. The State Police moved, on behalf of the individual troopers, to quash the subpoenas. Justice Court denied the motions and the State Police unsuccessfully appealed to County Court. The State Police now appeals to this Court.[2]

We affirm. The authority to issue a subpoena requiring atten-

---

1. The notice advised each defendant that, if the case were not resolved at the pretrial conference, it would proceed to trial, but that each person could request a separate trial date.

2. We note that a judgment that denies a motion to quash a subpoena "issued by a criminal court during a criminal [proceeding] and addressed to an entity which is not a party to the criminal proceeding is appealable on the theory [that] such a determination constitutes a final judgment in a proceeding 'on the civil side of a court vested with civil jurisdiction' " (*People v McIntosh*, 199 AD2d 540, 541 [1993], quoting *Matter of Cunningham v Nadjari*, 39 NY2d 314, 317 [1976]; *see People v Bagley*, 279 AD2d 426, 426 [2001], *lv*

dance as a witness at a criminal action or proceeding is unquestioned (see CPL 610.10). However, because of the possible consequences of a failure to comply with such subpoena, courts have imposed limitations on the use thereof (see Matter of Terry D., 81 NY2d 1042, 1044 [1993]; People v Neptune, 161 Misc 2d 781, 783 [1994]). Indeed, subpoenas can only be issued "for the valid purpose of compelling the production of evidence before a court . . . [and] [r]equiring a witness to attend criminal proceedings when there is no chance of testifying serves no valid purpose" (People v Neptune, 161 Misc 2d at 783; cf. United States v Standard Oil Co., 316 F2d 884, 897 [1963]). The crux of the argument of the State Police here is that, under Vehicle and Traffic Law § 1806, Justice Court was without authority to schedule any subsequent hearings or proceedings in these actions prior to defendants' in-court arraignment. The argument continues that, since no such arraignment had occurred before the appearances at issue, such appearances should have been for the purposes of arraignment and, as no testimony is taken at an arraignment, the People could not require State Troopers to attend. The State Police also contends that, even if defendants were permitted to waive their rights to an arraignment, Justice Court was obligated to personally arraign those defendants who did not comply with the statutory procedure for doing so. We disagree.

Generally, after a simplified information has been filed, a defendant must appear personally to be arraigned, except where "a procedure is provided by law which is applicable to all offenses charged in such simplified information and, if followed, would dispense with an arraignment or personal appearance of [a] defendant" (CPL 170.10 [1] [a]; see People v Perry, 87 NY2d 353, 355-356 [1996] [superceded by statute]; People v Mitchell, 235 AD2d 834, 835 [1997], lv denied 89 NY2d 1038 [1997]). Prior to April 2009, Vehicle and Traffic Law § 1806 provided such an exception for defendants entering a plea of not guilty to a traffic infraction, allowing such defendants the option of submitting their plea by mail, following which the court would schedule a trial date (see Vehicle and Traffic Law former § 1806; People v Perry, 87 NY2d at 356). In 2009, the Legislature

denied 96 NY2d 711 [2001]; People v Johnson, 103 AD2d 754, 755 [1984]; People v Marin, 86 AD2d 40, 42 [1982]). Furthermore, unlike criminal actions in which, after an appeal is taken to County Court from an order of a local criminal court, an appeal to this Court is improper (see CPL 450.90 [1]; 460.20 [2] [b]; People v Gogg, 285 AD2d 842, 842 [2001]; Town of Coeymans v Malphrus, 76 AD2d 1002 [1980]), an appeal to this Court lies as of right from an order of County Court that affirmed the civil judgment of Justice Court (see CPLR 5703 [b]).

amended the statute by, among other things, substituting the word "appearance" for the word "trial" so that the statute now reads: "[u]pon receipt of [a defendant's not guilty plea], the court shall advise the violator of an *appearance* date by first class mail" (Vehicle and Traffic Law § 1806 [emphasis added]).

Contrary to the assertions of the State Police, an examination of the plain language of the statute reveals that the amendment did not eliminate the exception to the general requirement that a defendant be arraigned in person (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 232, at 394-395; *People v Finley*, 10 NY3d 647, 654 [2008]).[3] Instead, it appears that the purpose of the amendment was to provide statutory authority for the common practice of scheduling a pretrial conference—as opposed to a trial, only—for defendants who pleaded not guilty by mail (*see* Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1806, 2011 Supp Pamph, at 348).[4] Moreover, while it is not clear on the record before us which, if any, defendants failed to comply with the statutory procedures for waiving their right to an in-person arraignment, a defendant may do so by appearing and entering a plea (*see People v Roberts*, 6 AD3d 942, 943 [2004], *lv denied* 3 NY3d 662 [2004]) or appearing and proceeding to trial (*see People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]). Accordingly, the failure of Justice Court to arraign each defendant in person did not deprive it of jurisdiction to schedule a pretrial conference/trial date or prevent the People from issuing subpoenas for the appearance of troopers to appear on such date, when they would be required to testify should the attempt to dispose of the matter by plea fail and the case proceed to trial (*see People v Doe*, 271 AD2d 29, 31 [2000], *lv denied* 95 NY2d 934 [2000]).[5]

---

3. Notably, the amendment did not make any reference to an arraignment.

4. The courts had been criticized for sending out a conference notification—in the absence of any express authority to do so under the statute—because defendants "felt coerced or obligated to attend a conference date to plea bargain a traffic ticket" (Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1806, 2011 Supp Pamph, at 348).

5. We are not unsympathetic to the frustration expressed by the State Police that, inasmuch as the overwhelming majority of cases are resolved by plea without any testimony being taken, the true purpose of the issuance of the subpoenas appears to be to secure the troopers' attendance in order to provide information that will assist the People in obtaining such pleas, as a result of which the troopers are unavailable for other law enforcement duties. However, the convenience of the State Police must be balanced with the interests of judicial economy and of the defendants in providing the opportunity to dispose

The remaining contentions of the State Police have been considered and are unpersuasive.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

of each case in a single appearance. While there are presumably more efficient means that could be utilized by the People to obtain information from the troopers, it is not the province of the courts to dictate the procedures used by the People, so long as those procedures are lawful.