[10 NYS3d 795]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
COLLIES SULLIVAN, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, April 3, 2015

## APPEARANCES OF COUNSEL

*Kent V. Moston, Legal Aid Society*, Hempstead (*Jeremy L. Goldberg* and *David Bernstein* of counsel), for appellant.

*Kathleen M. Rice, District Attorney*, Mineola (*Robert A. Schwartz* and *Andrea M. DiGregorio* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that so much of the order dated October 26, 2011 as denied the branch of defendant's omnibus motion seeking to suppress identification evidence is vacated and the matter is remitted to the District Court for a new determination of that branch of defendant's motion, following a hearing, in accordance with the decision herein. The appeal is held in abeyance in the interim. The District Court is directed to file its report with all convenient speed.

In September 2011, two accusatory instruments were filed charging defendant with sexual abuse in the second degree (Penal Law § 130.60 [2]) and endangering the welfare of a child (Penal Law § 260.10 [1]), respectively. In an omnibus motion, defendant moved to, among other things, preclude the People from offering any identification evidence based on an out-of-court showup procedure since the People had failed to provide defendant with a CPL 710.30 notice of the identification. The District Court denied the motion, without a hearing, on the

ground that the identification was merely confirmatory. Following a jury trial, defendant was convicted of the charged offenses. On appeal, defendant contends, among other things, that the accusatory instrument charging him with sexual abuse in the second degree is jurisdictionally defective and that the branch of his motion seeking to suppress identification evidence should have been granted outright or, in the alternative, that a hearing should have been held prior to the determination of the motion.

Defendant's contention that the accusatory instrument charging him with sexual abuse in the second degree is jurisdictionally defective because the rubbing of the complainant's chest and nipples did not constitute sexual contact within the meaning of the Penal Law lacks merit. Penal Law § 130.60 (2) provides that a person is guilty of sexual abuse in the second degree "when he or she subjects another person to sexual contact and when such other person is . . . [l]ess than fourteen years old." Sexual contact is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Penal Law § 5.00 states that "the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law." The Court of Appeals has noted that Penal Law § 5.00 "authorize[s] a court to dispense with hypertechnical or strained interpretations of the statute" (*People v Ditta*, 52 NY2d 657, 660 [1981]) and that "conduct that falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal" (*id.*; *see also People v Watson*, 171 AD2d 826, 827 [1991]).

As "[s]exual contact is defined broadly" (*People v Ditta*, 52 NY2d at 661; *see also People v Watson*, 171 AD2d at 827), we find that the rubbing of a 13-year-old boy's chest and nipples, under the circumstances described in the accusatory instrument, constitutes sexual contact within the meaning of the Penal Law. It is of no consequence that the supporting deposition only mentions the complainant's chest, whereas the accusatory instrument mentions the complainant's chest and nipples. Thus, the accusatory instrument charging defendant with sexual abuse in the second degree is not jurisdictionally defective since it, along with the supporting deposition, alleges facts of an evidentiary character that establish, if true, every element of the offense charged (*see* CPL 100.15 [3]; 100.40 [1] [c]; *People v Dumas*, 68 NY2d 729, 731 [1986]).

■ We find, however, that the District Court erred in denying, without a hearing, the branch of defendant's motion seeking suppression of the identification evidence (*see e.g. People v Coleman*, 60 AD3d 1079 [2009]; *People v Redding*, 47 AD3d 953 [2008]). A review of the record indicates that a hearing is required in accordance with *People v Rodriguez* (79 NY2d 445, 453 [1992]) in order to determine whether the complainant was sufficiently familiar with defendant so as to exempt the complainant's out-of-court identification of defendant from the CPL 710.30 (1) (b) notice requirement (*see People v Williamson*, 79 NY2d 799, 800-801 [1991]; *People v Rodriguez*, 79 NY2d at 453; *People v Coleman*, 60 AD3d 1079 [2009]; *People v Redding*, 47 AD3d 953 [2008]).

Accordingly, the matter is remitted to the District Court for a new determination, following a hearing, of the branch of defendant's omnibus motion seeking to suppress identification evidence and the appeal is held in abeyance in the interim. In view of the foregoing, we reach no other issues at this juncture.

MARANO, J.P., TOLBERT and GARGUILO, JJ., concur.