People v Duchesne (2021 NY Slip Op 50571(U))

[*1]

People v Duchesne (Jake)

2021 NY Slip Op 50571(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1531 S CR

The People of the State of New York,
Respondent,
against
Jake P. Duchesne, Appellant. 

Daniel Groth, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from four judgments of the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency (W. Alexander Melbardis, J.H.O.), rendered August 29, 2019.
The judgments convicted defendant, after a nonjury trial, of speeding and failing to stop at a stop
sign (three counts), respectively, and imposed sentences.

ORDERED that the judgment convicting defendant of the charge of failing to stop at a stop
sign, as set forth in a simplified traffic information bearing a serial number ending in "KNF," is
reversed, on the law, the fines imposed thereon, if paid, are remitted, and the matter is remitted to
the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for
all further proceedings thereon; and it is further,
ORDERED that the judgments convicting defendant of speeding and two other charges of
failing to stop at a stop sign are affirmed. 
In seven separate simplified traffic informations, defendant was charged with operating a
motor vehicle with an expired inspection certificate (Vehicle and Traffic Law § 306 [b]),
operating a motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]), operating
an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), failing to stop at a
stop sign (Vehicle and Traffic Law § 1172 [a]) (three counts), and speeding (Vehicle and
Traffic Law § 1180 [d]), respectively. One of the three informations charging defendant
with failing to stop at a [*2]stop sign bears a serial number ending
in "KNF." Following a nonjury trial, at which defendant appeared pro se, defendant was found
guilty of failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]) (three counts)
and speeding (Vehicle and Traffic Law § 1180 [d]), but not guilty of the other charges.
Turning first to defendant's contention that the verdicts were against the weight of the
evidence, as a different verdict would not have been unreasonable here (see People v Zephyrin, 52 AD3d
543, 543 [2008]), we "must, like the trier of fact below, weigh the relative probative force of
conflicting testimony and the relative strength of conflicting inferences that may be drawn from
the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks
and citation omitted]). At trial, the ticketing officer testified that he had observed defendant's
vehicle fail to stop at three stop signs and that he had observed defendant traveling at a speed of
50 miles per hour in a 30-mile-per-hour zone. The District Court credited the officer's testimony
that it was defendant who was operating the vehicle, and there is no basis to disturb the court's
determination (see People v Farrell,
66 Misc 3d 140[A], 2020 NY Slip Op 50141[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2020]). The officer's testimony as to his training and experience in estimating the speeds of
vehicles was unrebutted, and there are no grounds to discredit his testimony that he observed
defendant traveling 20 miles per hour over the speed limit (see People v Grennon, 36 Misc 3d 33, 36 [App Term, 2d Dept, 9th
& 10th Jud Dists 2011]).[FN1]
Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342,
348-349 [2007]), while according great deference to the trier of fact's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69
NY2d at 495), we find that the verdicts were not against the weight [*3]of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Defendant failed to preserve for appellate review his challenges to various remarks made by
the prosecutor during summation, as he did not object to such remarks at trial (see CPL
470.05 [2]; People v Romero, 7
NY3d 911, 912 [2006]). In any event, the prosecutor's remarks were either fair comment on
the evidence and the reasonable inferences to be drawn therefrom (see People v Gonzalez, 183 AD3d
663, 665 [2020]; People v
Crawford, 54 AD3d 961, 962 [2008]), or, if improper, were not so egregious as to
deprive defendant of a fair trial (see
People v Stone, 185 AD3d 967, 969 [2020]; People v Anglin, 178 AD3d 839, 841 [2019]). 

Contrary to defendant's contention that the District Court failed to advise him of his right to
counsel, the court complied with CPL 170.10, as defendant was informed of his right to counsel
by a scheduling letter from the court for a pre-trial conference (see People v Reich, 61 Misc 3d
136[A], 2018 NY Slip Op 51546[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
People v Linden, 52 Misc 3d
134[A], 2016 NY Slip Op 51019[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016])
and was, again, advised of such right when he proceeded at the pre-trial conference without
counsel (cf. People v Podmalovsky,
62 Misc 3d 127[A], 2018 NY Slip Op 51860[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]; People v Rios, 9 Misc
3d 1, 1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). Defendant never requested
an adjournment of the trial to retain counsel.

However, defendant is correct in contending that the judgment convicting defendant of the
charge of failing to stop at a stop sign as set forth in the simplified traffic information bearing a
serial number ending in "KNF" must be reversed because he was never arraigned on that charge.
Following the filing of a simplified information, a defendant must appear personally to be
arraigned thereon, except where, as relevant here, "a procedure is provided by law which is
applicable to all offenses charged in such simplified information and, if followed, would
dispense with an arraignment or personal appearance of the defendant" (CPL 170.10 [1] [a]; see People v Cruz, 86 AD3d 782,
783 [2011]). Vehicle and Traffic Law § 1806 provides such an exception for defendants
entering a plea of not guilty to a traffic infraction to be arraigned on the simplified traffic
information without personally appearing, allowing such defendants to submit their pleas by mail
(see People v Cruz, 86 AD3d at 783). Here, the record does not indicate that defendant
had ever been personally arraigned on the charge at issue or that defendant had mailed in his not
guilty plea to the charge. Rather, the trial transcript reveals that defendant was not aware of the
charge until the officer testified at trial that he had issued defendant a ticket regarding that charge
and defendant was thereupon provided with a copy of the ticket. Since the record fails to
establish that defendant was ever arraigned on that charge or pleaded not guilty thereto by mail,
the judgment convicting defendant of that charge must be reversed and the matter remitted to the
District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for
arraignment and further proceedings (see
People v Riverhead Park Corp., 24 Misc 3d 136[A], 2009 NY Slip Op 51547[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Maran, 174 Misc 2d 327, 329
[App Term, 2d Dept, 9th & 10th Jud Dists 1997]).

Defendant's remaining contention is unpreserved for appellate review (see CPL
470.05 [2]) and, in any event, is without merit. 

Accordingly, the judgment convicting defendant of the charge of failing to stop at a stop
[*4]sign as set forth in a simplified traffic information bearing a
serial number ending in "KNF" is reversed and the matter is remitted to the District Court of
Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further
proceedings thereon. The judgments convicting defendant of speeding and two other charges of
failing to stop at a stop sign are affirmed. 

RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 17, 2021

Footnotes

Footnote 1: To the extent that defendant
challenges the legal sufficiency of the evidence supporting the speeding conviction by contending
that the officer's testimony alone was not sufficient to prove the offense, defendant's claim is
unpreserved for appellate review since he failed to raise the issue at trial (see CPL 470.05
[2]; People v Hawkins, 11 NY3d
484, 491-492 [2008]). In any event, defendant's claim lacks merit, as the officer's testimony
as to his training and experience in estimating the speeds of vehicles and that defendant was
traveling 20 miles per hour over the speed limit, viewed in the light most favorable to the People
(see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to prove the offense
(see People v Olsen, 22 NY2d 230, 232 [1968]; People v Grennon, 36 Misc 3d at
36; People v Tsys, 29 Misc 3d
143[A], 2010 NY Slip Op 52213[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).