People v Sullivan (2023 NY Slip Op 50782(U))

[*1]

People v Sullivan (Collies)

2023 NY Slip Op 50782(U)

Decided on July 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2012-720 N CR

The People of the State of New York, Respondent,
against
Collies Sullivan, Appellant. 

Nassau County Legal Aid Society (David Bernstein, Tammy Feman, Rachel S. Rambo and Daniel Schumeister of counsel), for appellant.
Nassau County District Attorney (Andrea M. Digregorio of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (David W. McAndrews, J.), rendered March 8, 2012. The judgments convicted defendant, upon jury verdicts, of, respectively, sexual abuse in the second degree and endangering the welfare of a child, and imposed sentences. The appeal from the judgments of conviction brings up for review so much of an order of that court dated October 26, 2011 as summarily denied the branch of defendant's omnibus motion seeking to suppress identification evidence. By decision and order dated April 3, 2015 (People v Sullivan, 47 Misc 3d 96 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), this court found that the accusatory instrument charging defendant with sexual abuse in the second degree was facially sufficient, held the remainder of this appeal in abeyance, and remitted the matter to the District Court for a new determination, following a Rodriguez hearing, of the branch of defendant's omnibus motion seeking to suppress identification evidence. A Rodriguez hearing has since been held and the District Court (Darlene D. Harris, J.) has now made a new determination.

ORDERED that the judgments of conviction are affirmed.
This appeal from judgments convicting defendant of, respectively, sexual abuse in the second degree (Penal Law § 130.60 [2]) and endangering the welfare of a child (Penal Law § 260.10 [1]), brings up for review an order of the District Court which summarily denied the [*2]branch of defendant's omnibus motion seeking to suppress identification evidence. By decision and order dated April 3, 2015 (People v Sullivan, 47 Misc 3d 96 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), this court found that the accusatory instrument charging defendant with sexual abuse in the second degree was facially sufficient, held the remainder of the appeal in abeyance, and remitted the matter to the District Court for a new determination, following a Rodriguez hearing, of the branch of defendant's omnibus motion seeking to suppress identification evidence (see People v Rodriguez, 79 NY2d 445 [1992]). Following the Rodriguez hearing held on April 17, 2018, the District Court (Darlene D. Harris, J.) found that the People had established that "the witness was impervious to police suggestion."
On appeal, defendant contends that evidence of his identification should have been suppressed because the People failed to provide a CPL 710.30 identification notice; that the District Court improperly denied his challenges for cause; that the District Court improperly allowed prior consistent statements to be used to bolster the complainant's testimony; that the People were required to file a CPL 710.30 statement notice for the statement he made regarding his address; that the evidence was legally insufficient to support the sexual abuse conviction; and that the verdicts were against the weight of the evidence.
The evidence adduced at the Rodriguez hearing established that the complainant was sufficiently familiar with defendant so that the police-arranged show-up identification was merely confirmatory (see People v Ellis, 198 AD3d 674, 675 [2021]; People v Shepard, 138 AD3d 895, 896 [2016]; People v Jacobs, 65 AD3d 594, 595 [2009]; Matter of Malcom G., 38 AD3d 662 [2007]). Consequently, a CPL 710.30 identification notice was not required (see People v Boyer, 6 NY3d 427, 431 [2006]). We find no reason to reject any of the complainant's or the police officer's testimony at the hearing, as their testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Lebron, 184 AD2d 784, 785 [1992] [internal quotation marks omitted]).
The denial of defendant's challenge for cause to three prospective jurors did not constitute reversible error, as defendant did not exhaust his peremptory challenges before jury selection was completed (see CPL 270.20 [2]; People v Lynch, 95 NY2d 243, 248 [2000]; People v Guillory, 213 AD3d 422 [2023]; People v Tieman, 132 AD3d 703, 704 [2015]; People v Echevarria-Acevedo, 76 Misc 3d 128[A], 2022 NY Slip Op 50787[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). In addition, defendant's contention regarding the District Court's denial of his for-cause challenge to a prospective alternate juror is moot as the juror did not participate in deliberations (see People v Haardt, 129 AD3d 1322, 1322-1323 [2015]; People v Rivera, 7 AD3d 358, 359 [2004]; People v Hall, 59 Misc 3d 137[A], 2018 NY Slip Op 50566[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
With respect to defendant's contention that the District Court improperly allowed a police office and detective to offer evidence at the trial of prior consistent statements which bolstered the complainant's testimony, we note that the contention, insofar as it relates to the detective, is unpreserved for appellate review as defense counsel raised no objection to that testimony at trial (see CPL 470.05 [2]). The District Court, however, properly admitted the police officer's testimony regarding the complainant's description of defendant shortly after the incident, as the testimony assisted the jury in evaluating the complainant's opportunity to observe and identify defendant which was at issue at the trial (see People v Huertas, 75 NY2d 487, 493 [1990]; [*3]People v Perez, 91 AD3d 673, 674 [2012]; People v Linton, 62 AD3d 722, 723 [2009]; People v Figueroa, 35 AD3d 204 [2006]; People v Ragunauth, 24 AD3d 472 [2005]; Hall, 2018 NY Slip Op 50566[U], *1). In any event, error, if any, in permitting the police officer's testimony was harmless (see People v Crimmins, 36 NY2d 230 [1975]) as there is no reasonable possibility that the verdicts were affected by the jury hearing both the complainant and the police officer testify as to the complainant's description of the defendant, especially since the jury was aware that, at trial, the complainant provided a more detailed description of defendant than what he had told the officer on the day of the incident.
Defendant's challenge to the prosecutor's comments during summation is unpreserved for appellate review as defense counsel failed to object to the comments at trial (see CPL 470.05 [2]; People v Romero, 7 NY3d 911 [2006]; People v Zephir, 212 AD3d 738, 739 [2023]; People v Duchesne, 72 Misc 3d 126[A], 2021 NY Slip Op 50571[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). In any event, to the extent that any of the comments were improper, they were "not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394 [2005]; see People v Flowers, 213 AD3d 692, 693 [2023]; People v Salcedo, 209 AD3d 678, 680 [2022]; People v Lippe, 145 AD3d 1035, 1037 [2016]).
After defendant was arrested and was taken to the precinct, he provided his address to the police in response to police questioning. Although defendant contends that the People were required to file a CPL 710.30 statement notice for this statement, as "routine administrative questioning by the police presumptively avoids any grounds for challenging the voluntariness of statements given in response to those questions, notice of such statements is not required" (People v Rodney, 85 NY2d 289, 293 [1995]). We note that as this "pedigree" question was reasonably related to police administrative concerns, the fact that the response given by defendant may have become incriminating at trial does not alter the analysis (see e.g. People v Wortham, 37 NY3d 407, 414 [2021]).
A person is guilty of sexual abuse in the second degree when he "subjects another person to sexual contact and when such other person is . . . [l]ess than fourteen years old" (Penal Law § 130.60 [2]). "Sexual contact" is defined, in part, as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes . . . the touching of the victim by the actor, whether directly or through clothing" (Penal Law § 130.00 [3]).
In the prior decision in this case, this court stated:
"As '[s]exual contact is defined broadly' (People v Ditta, 52 NY2d at 661; see also People v Watson, 171 AD2d at 827), we find that the rubbing of a 13-year-old boy's chest and nipples, under the circumstances described in the accusatory instrument, constitutes sexual contact within the meaning of the Penal Law" (Sullivan, 47 Misc 3d at 98).
The complainant's trial testimony comports with what was alleged in the accusatory instrument. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of sexual abuse in the second degree (Penal Law § 130.60 [2]). We note that a defendant's intent to touch for the purpose of gratifying his sexual desire can be inferred from the act itself or from the defendant's conduct and [*4]surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Wiley, 119 AD3d 821, 822 [2014]; People v Demoura, 60 Misc 3d 133[A], 2018 NY Slip Op 51041[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdicts convicting defendant of sexual abuse in the second degree and endangering the welfare of a child are not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2023